OPINION
{¶ 1} Heather Crosby is appealing the judgment of the Miamisburg Municipal Court which overruled a magistrate's decision awarding her $787.01 in damages as a result of a traffic accident.
 {¶ 2} On July 18, 2002, at approximately 11:45 a.m., Crosby was driving eastbound on Water Tower Lane in Miamisburg, Ohio. At the same time, Lisa M. McWilliam was driving westbound on Water Tower Lane. Crosby attempted to turn left onto the access road behind River Valley Credit Union, however the entry was blocked by a pickup truck, traveling westbound on Water Tower Lane, which was in the process of trying to turn left into Imperial Square. As neither vehicle could proceed without leave of the other, the driver of the pickup truck motioned for Crosby to proceed. As Crosby turned, McWilliam, who had been behind the pickup, entered the right lane to proceed through the intersection and collided with Crosby's car. McWilliam was removed from the scene by ambulance, and her passenger sustained serious physical injuries.
 {¶ 3} Crosby filed a complaint against McWilliam in the Miamisburg Municipal Court on November 2, 2002, requesting $3,500 in damages. A trial was held before Magistrate John F. Kohlberg on January 7, 2003, and judgment was granted in favor of Crosby in the amount of $787.01, with interest. McWilliam objected to the Magistrate's decision. The trial court reversed the Magistrate's decision and found that under R.C. 4511.42, Crosby had a duty to yield the right of way to oncoming traffic when turning left.
 {¶ 4} Crosby now appeals that ruling, presenting two assignments of error:
 {¶ 5} "The trial court erred to the prejudice of plaintiff when it reversed the magistrates [sic] decision."
 {¶ 6} "The trial court erred to the prejudice of plaintiff when it modified the magistrate's factual findings."
 {¶ 7} At the outset, this court must note that a trial court has great discretion in determining whether to sustain or overrule an objection to a magistrate's decision. Therefore, the decision to adopt, reject, or modify a magistrate's decision will not be reversed on appeal unless the decision is determined to be an abuse of discretion. Wade v.Wade (1996), 113 Ohio App.3d 414, 419, 680 N.E.2d 1305. For this court to find an abuse of discretion, we must conclude that the trial court's determination was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. It is with this standard of review that we proceed to Crosby's assignments of error.
 {¶ 8} Under the first assignment of error, Crosby makes three arguments, phrased as "issues for review." We will address Crosby's first and third "issues" simultaneously, as they are similar.
 {¶ 9} "Both the actions of Plaintiff and Defendant must be looked at in conjunction with ORC Sections 4511.42 and 4511.28 in order to determine liability."
 {¶ 10} "Defendant's violation of ORC Section 4511.28 was the proximate cause of the accident."
 {¶ 11} Crosby asserts error in the trial court's decision that McWilliam did not violate R.C. 4511.28 by passing the pickup truck on the right, and in concluding that Crosby had violated her duty under R.C.4511.24 to yield the right-of-way to McWilliam. Specifically, Crosby asserts that McWilliam did not pass the pickup truck on the right under safe conditions, and thus R.C. 4511.28 does not negate liability on behalf of McWilliam.
 {¶ 12} We do not agree. The two statutes at issue are R.C.4511.28 and 4511.42. R.C. 4511.28 states, in pertinent part:
 {¶ 13} "(A) The driver of a vehicle * * * may overtake and pass upon the right of another vehicle * * * only under the following conditions:
 {¶ 14} "(1) When the vehicle * * * overtaken is making or about to make a left turn;
 {¶ 15} "(2) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaking vehicle.
 {¶ 16} "(B) The driver of a vehicle * * * may overtake and pass another vehicle * * * only under conditions permitting such movement in safety. The movement shall not be made by driving off the roadway."
 {¶ 17} R.C. 4511.42 states that "[t]he operator of a vehicle * * * intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle * * * approaching from the opposite direction, whenever the approaching vehicle * * * is within the intersection or so close to the intersection, alley, private road, or driveway as to constitute an immediate hazard."
 {¶ 18} In this case, Crosby was proceeding eastbound on Water Tower Lane and was planning on turning left onto an access road behind River Valley Credit Union. A pickup truck was traveling westbound on Water Tower Lane, wanting to turn left into Imperial Square. As Crosby had pulled too far forward to allow the pickup to turn, he motioned for her to turn left. At that point, without Crosby's knowledge, McWilliam approached the pickup from behind, passed it on the right, and proceeded into the intersection, hitting Crosby as she turned left.
 {¶ 19} The issue the trial court had to decide was whether McWilliam had sufficient room to legally move her vehicle into a second line of vehicles proceeding in a westbound direction on Water Tower Road, and thus safely overtake the pickup truck.
 {¶ 20} At the hearing, Crosby testified that "yes the road is wide enough to possibly be two lanes, but there is not a white stripe marking, marking that it is two separate lanes." (Tr. 14.) Additionally, the photographs admitted into evidence show that the road was of a sufficient width for two lines of vehicles to move in the westbound direction.
 {¶ 21} Crosby produced no evidence that McWilliam drove on the berm or crossed the white line on the right side of the road while trying to pass the pickup truck. Because of this, there was no evidence that McWilliam passing the pickup truck on the right was done under unsafe conditions in violation of R.C. 4511.28. As a result, it was not an abuse of discretion for the trial court to find that Crosby had violated her duty under R.C. 4511.42 to yield the right-of-way to McWilliam, who was approaching from the opposite direction in oncoming traffic.
 {¶ 22} Accordingly, we must reject Crosby's first and third "issues" in her first assignment of error.
 {¶ 23} Crosby's second "issue" in her first assignment of error states:
 {¶ 24} "ORC Section 4511.42 does not impose strict liability under the facts of this case."
 {¶ 25} Crosby asserts that the trial court erred in imposing a strict liability standard on her for failing to yield the right of way while making a left-hand turn. We note that the trial court's decision does not find Crosby to be "negligent as a matter of law," as Crosby implies. We believe that Crosby's argument results from the trial court's granting McWilliam's objections to the magistrate's decision, in which that language can be found.
 {¶ 26} The trial court's decision states, in pertinent part, that R.C. 4511.42, "requires the Plaintiff to yield the right of way to oncoming traffic when turning left. The specific facts in this case do not relieve Plaintiff of that duty." (Doc. No. 12.) The trial court found that "the breach of Plaintiff's duty under Revised Code Section 4511.42
is the proximate cause of the accident and Plaintiff's damages." Id.
 {¶ 27} The issue before the trial court was whether the collision was the result of Crosby's failure to yield the right-of-way, or by McWilliam's improper procession through the intersection by failing to pass the pickup truck under conditions permitting such movement in safety. Thus, in this case one party was properly in the intersection, while the other was not. As a result, this is not a strict liability issue.
 {¶ 28} Contrary to Crosby's allegations, the trial court's decision does not state that Crosby was negligent per se. Instead, the trial court made the correct determination that McWilliam was properly in the intersection, while Crosby was not. The trial court also found that there was only one proximate cause of the accident which was the failure of one party to obey a traffic statute, and thus this was not an issue of comparative negligence,[1] The trial court was correct in not making an evaluation of these issues. See, e.g., Gilbert v. Richison (Oct. 4, 1994), Franklin App. No. 94APE03-0339; State v. Guster (1981),66 Ohio St.2d 266, 421 N.E.2d 157, 20 O.O.3d 249.
 {¶ 29} Accordingly, we find no abuse of discretion by the trial court in its determination of negligence. We overrule Crosby's first assignment of error.
 {¶ 30} Crosby presents the following argument, phrased as an "issue" for review, in support of her second assignment of error:
 {¶ 31} "The magistrate who heard the testimony was in the best position to judge credibility and thus make findings of fact and he should not be reversed absent an abuse of discretion."
 {¶ 32} Crosby asserts that the trial court should have deferred to the magistrate's findings of fact, as he was in the best position to make such a determination.
 {¶ 33} When a trial court rules on objections to a magistrate's decision, it "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(E)(4)(b). The trial court has the "ultimate authority and responsibility over the [magistrate's] findings and rulings." Hartt v. Munobe, 67 Ohio St.3d 3, 5, 615 N.E.2d 617,620, 1993-Ohio-177. As this court has previously stated,
 {¶ 34} "The trial court, as the ultimate finder of fact, must make its own factual determinations through an independent analysis of the issues and should not adopt the findings of the [magistrate] unless the trial court fully agrees with them. The court's role is to determine whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and, where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate]." (Citations omitted.) Inman v. Inman (1995),101 Ohio App.3d 115, 118, 655 N.E.2d 199, 201.
 {¶ 35} Hence, because the trial court must conduct a de novo review, "[t]he trial court may not properly defer to the magistrate in the exercise of the trial court's de novo review." Quick v. Kwiatkowski, Montgomery App. No. 18620, 2001-Ohio-1498.
 {¶ 36} Based upon the above-mentioned caselaw, we must overrule Crosby's final assignment of error, as it is contrary to law.
 {¶ 37} The judgment of the trial court is affirmed.
FAIN, P.J., concurs.
[1] Even if comparative negligence was at issue, we would not be able to find, based on the facts as contained in the record, that McWilliam was 51% negligent.