DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the October 10, 2007 judgment of the Perrysburg Municipal Court, which found appellant, Lawrence Moore, guilty of 320 counts of violating R.C. 3709.21 by failing to comply with the order of the Wood County Health Department to connect to a sanitary sewer system. Upon consideration of the *Page 2 
assignments of error, we affirm the decision of the lower court. Moore asserts the following assignments of error on appeal:
 {¶ 2} "1. The Municipal Court judge erred by abusing his office to enlist three Ohio/Wood County plaintiffs, an assistant prosecuting attorney, and a part-time magistrate, to find a taxpayer/defendant "guilty" of sewer-related Complaints that were never "ripe," because a State Of Ohio Northwest Sewer District refused him required written authorization to hook up to a gravity feed sewer which met [sic] requirements of a Wood County Health District's Household Sewage Code, 612.751, and they instead tried to force him to hook up to their motorized, pressurized, sewer force main tubing;
 {¶ 3} "2. That Municipal Court's Administator [sic] erred by mailing: an unreadable COMPLAINT BY INDIVIDUAL naming The State Of Ohio, the Wood County Health Department, and Philip Hartz as Case No. CRB 0700209 Complainants, with a February 22, 2007 Case No. CRB 0700209 unsigned SUMMONS UPON COMPLAINT to Defendant; an incomplete Court COMPLAINT BY INDIVIDUAL dated February 21, 2007 and naming The State Of Ohio, the Wood County Health Department and Philip Hartz as Case No CRB 0700210 Complainants; and the un-signed, February 22, 2007 Case No-CRB 0700210 "SUMMONS UPON COMPLAINT" to the Defendant, which were all both unreadable, and premature;
 {¶ 4} "3. That Municipal Court judge also erred by rescheduling Case Nos. CRB 0700209/0700210 "Trials, Pre-Trials, etc.," which were not "ripe," to 05/02/2007, because Defendant's Motions To Consolidate and Remove the cases and Answer(s) To *Page 3 
Two Complaints by three Complainants, were filed March 13, 2007, together with a Counterclaim, and his Affidavit In Support Of [those] Motions and Answers was filed March 28, 2007, but a Northwest Ohio Sewer District's March 29, 2007 Motion To Strike/Quash that Counterclaim was granted on March 30, 2007 by a Magistrate's Decision that ignored Northwest Ohio Sewer District refusals to grant Defendant written authorization to hook up to a gravity feed sewer;
 {¶ 5} "4. The judge erred in assigning Case No. CRB 0700209 and 0700210 to a part-time magistrate, where they should have been assigned to a judge of the Housing, or Environmental Division, rather than a "magistrate," as per Ohio Revised Code (hereinafter "R.C.") § 1901.181, and 1901.19;
 {¶ 6} "5. That magistrate erred by conferring "privately" with Wood. County's assistant prosecutor before dismissing Case No. 0700209, and allowing that prosecutor to misrepresent that only one sanitary sewer is available where there are both a pressurized motorized sewer force main and gravity feed sewer available, and a State of Ohio Sewer District, a Wood County Health Department, Hartz, the judge and his magistrate all conspired together to convict a Defendant."
 {¶ 7} On February 21, 2007, the Wood County Health Department filed a criminal complaint against Moore regarding his property at 30667 East River Road, Rossford, Ohio. The health department alleged in 320 counts that Moore violated orders of the Wood County Health Department to connect his property to the sanitary sewer system on East River Road. The health department also alleged that failure to make such *Page 4 
connection was a violation of R.C. 3709.99, R.C. 3709.21, and Wood County Household Sewage Code, Section 612.751.
 {¶ 8} On May 23, 2007, the municipal court magistrate found that Moore had violated Wood County Health Department Sewage Regulation Section 612.751. Therefore, the magistrate also found that Moore was guilty of 320 counts of violating R.C. 3709.21. Moore was fined $100 on each count, for a total fine of $32,000. However all but $1,000 of the fine was suspended on the condition that Moore connect his property to a sanitary sewage system within 60 days. On June 7, 2007, Moore filed objections to the magistrate's report. He contended that the magistrate was biased and that his factual findings were not supported by the evidence.
 {¶ 9} After reviewing the transcript of the hearing before the magistrate, the trial court concluded in its October 10, 2007 judgment that the magistrate's finding that Moore had failed to connect his property to a sanitary sewer system was supported by the evidence. Therefore, the trial court adopted the decision of the magistrate. Moore sought an appeal to this court on November 5, 2007.
 {¶ 10} On appeal, we review the trial court's adoption of the magistrate's decision under an abuse of discretion standard. Crim.R. 19(D)(3)(b)(iv) staff notes and Crosby v. McWilliam, 2d Dist. No. 19856,2003-Ohio-6063, ¶ 7. An abuse of discretion requires a finding that the court made more than an error in the law or judgment; we must find that the court's decision was unreasonable, arbitrary or unconscionable. Id. Furthermore, our review is limited to the objections raised regarding the magistrate's findings of fact or *Page 5 
conclusions of law pursuant to Crim.R. 19(D)(3)(b). Crim.R. 19(D)(3)(b)(iv). The only exception is in the case of plain error.State v. Shie, 12th Dist. No. CA2007-02-038, 2008-Ohio-350, ¶ 44.
 {¶ 11} On appeal, Moore first argues that the trial court erred in finding him guilty of the offense of failing to connect to a sewer system. He argues that the case was not "ripe" because he had not resolved with the Northwest Water and Sewer District the issue of connection to the sewer system he had chosen.
 {¶ 12} We find this assignment of error lacks merit. The sole issue in this criminal action is whether or not Moore's property is connected to a sewer system. The reason for Moore's failure to connect is irrelevant. Challenges to the order of the health department must be made by way of a declaratory judgment. R.C. 3709.99(B). Moore's first assignment of error is found not well-taken.
 {¶ 13} In his second assignment of error, Moore argues that the trial court erred in finding him guilty when the criminal action was initiated by a defective complaint. This issue is raised for the first time on appeal. The defects that Moore alleges are that it was not readable and that it was unsigned. Since these alleged defects neither affect the jurisdiction of the court nor alter the offense charged, Moore should have raised them prior to trial. Crim.R. 12(C)(2). Having failed to do so, Moore waived the argument on appeal. State v. Barton,108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73. Moore has not asserted on appeal that the error rises to the level of plain error. Appellant's second assignment of error is found not well-taken. *Page 6 
 {¶ 14} In his third assignment of error, Moore argues that the trial court erred by proceeding to trial without ruling on Moore's motion to consolidate and remove the case to the common pleas court. Moore also asserts that the trial court should not have granted the motion of Northwest Water and Sewer District to strike and quash Moore's counterclaim. Neither issue was raised in Moore's objections to the magistrate's decision.
 {¶ 15} Appellant's third assignment of error is found not well-taken.
 {¶ 16} In his fourth assignment of error, Moore argues that the trial court erred by assigning this case to a magistrate instead of a judge of the housing or environmental division. Again, this issue was not raised below and will not be considered on appeal. Appellant's fourth assignment of error is found not well-taken.
 {¶ 17} In his fifth assignment of error, Moore argues that when the magistrate conferred privately with the prosecution before dismissing the second criminal complaint, that the prosecutor misrepresented to the magistrate that only one sanitary sewer system is available; and that the sewer district, health department, and court conspired together to convict Moore. We find that there is no evidence in the record to support Moore's contentions. The issue of whether there was more than one sewer available for connection was not an issue in this case. The only issue was whether Moore had connected to a sewer system and he admitted that he had not done so. Therefore, we find appellant's fifth assignment of error not well-taken.
 {¶ 18} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Perrysburg Municipal Court is affirmed. Appellant is *Page 7 
ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., Concur *Page 1