OPINION
{¶ 1} Danies Carmack appeals from the trial court's September 11, 2007 decision, order, and entry sustaining the appellees' objections to a magistrate's decision and overruling her Civ. R. 60(B) motion for relief from judgment.
 {¶ 2} The present appeal stems from Carmack's 2001 donation of all her stock in Individual Business Services, Inc. (IBS), to the Citizens Motorcar Company (CMC), which operates a Packard motor-vehicle museum in Dayton. At the time of the gift, IBS was solely owned and operated by Carmack. Before giving ownership of IBS to CMC, she borrowed $192,055.61 from her company. When ownership of IBS later transferred to CMC, Carmack's donation was appraised at $354,794, which included the amount of the loan to her.
 {¶ 3} Following the transfer, CMC operated IBS for a short period of time. In June 2002, the First National Bank of Southwestern Ohio sued IBS, CMC, and Carmack in the present case for breach of a commercial lease involving business equipment used by IBS. CMC and IBS filed a cross claim against Carmack, seeking repayment of the loan she had obtained from IBS. The trial court found Carmack obligated to repay the $192,055.61 she had borrowed from IBS and entered summary judgment against her on the cross claim.
 {¶ 4} After an appeal by Carmack was dismissed for failure to prosecute, CMC and IBS commenced collection efforts on the judgment. CMC and IBS also filed a separate lawsuit, alleging fraudulent transfers of assets by Carmack, her husband, and Sunset Cottages, LLC, a company her husband owned. CMC and IBS moved for summary judgment in the fraudulent transfer case in July 2006. Just before a memorandum in opposition was due, Carmack filed a Civ. R. 60(B) motion in this case, *Page 3 
seeking to set aside the judgment requiring her to repay the loan from IBS.
 {¶ 5} Carmack brought her motion under Civ. R. 60(B)(5). She argued that attorney Robert Signom, who served as president of CMC and chairman of its board of trustees, had committed fraud on the court by filing the cross claim against her without proper board approval. Following an evidentiary hearing, a magistrate found Carmack's argument persuasive. The magistrate concluded "that Carmack has a meritorious defense that Signom filed a claim against her in his representative capacity, without proper authority, and that such conduct does amount to a `fraud upon the court,' which demands that the judgment be set aside and the action must be dismissed."
 {¶ 6} CMC and IBS objected to the magistrate's ruling on several grounds. Upon review, the trial court sustained some of the objections, rejected the magistrate's decision, and overruled Carmack's Civ. R. 60(B) motion. In so doing, the trial court held: (1) that Carmack did not present a meritorious defense to the cross claim against her; (2) that Signom had apparent or implied authority to file the cross claim on behalf of CMC and IBS; (3) that Signom's actions were ratified even if he did not have prior authority; (4) that Carmack did not establish "fraud on the court" by Signom; and (5) that Carmack did not file her Civ. R. 60(B) motion within a reasonable time. This timely appeal followed.
 {¶ 7} Carmack advances six assignments of error on appeal. First, she contends the trial court erred by substituting its judgment for that of the magistrate. Second, she claims the trial court erred by finding no fraud on the court by Signom. Third, she asserts that the trial court erred in finding her motion untimely. Fourth she argues that the trial court erred in concluding that she presented no meritorious defense. Fifth, she contends *Page 4 
the trial court erred in finding minutes of a CMC special meeting to be admissible. Sixth, she claims the trial court erred in concluding that Signom had authority to act on behalf of CMC and IBS.
 {¶ 8} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 9} The foregoing requirements are "independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." Strack v. Pelton, 70 Ohio St.3d 172, 174,1994-Ohio-107. Granting relief from judgment under Civ. R. 60(B) is within a trial court's sound discretion, and its ruling "will not be disturbed on appeal absent a showing of abuse of discretion."Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. Our review of the record persuades us that the trial court did not abuse its discretion in overruling Carmack's Civ. R. 60(B) motion.
 {¶ 10} In her first assignment of error, Carmack contends the trial court should have been more deferential to the magistrate's findings. She argues that the magistrate was best positioned to assess the credibility of witnesses at the evidentiary hearing on her motion. Therefore, she claims the trial court erred in substituting its judgment for that of the magistrate.
 {¶ 11} Upon review, we are not persuaded by Carmack's argument. Under *Page 5 
Civ. R. 53(D)(4)(d), the trial court was obligated to "undertake an independent review" to determine whether the magistrate "properly determined the factual issues and appropriately applied the law." Civil Rule 53 obligates a trial court to make its own determinations, without deference to the magistrate, through a de novo review. Crosby v.McWilliam, Montgomery App. No. 19856, 2003-Ohio-6063, ¶ 34-35;Leibold v. Hiddens, Montgomery App. No. 21487, 2007-Ohio-2972, ¶ 15 ("In accordance with Civ. R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment."). Contrary to Carmack's argument, a trial court need not defer to a magistrate's determinations regarding witness credibility. Coronet Ins. Co. v. Richards (1991), 76 Ohio App.3d 578,585. Because the trial court acted properly in undertaking an independent review of the record, we overrule Carmack's first assignment of error.
 {¶ 12} In her second assignment of error, Carmack contends the trial court erred in finding no "fraud on the court" by Signom. Carmack raised the issue of fraud on the court as a basis for relief under Civ. R. 60(B)(5). A central theme of her argument was that Signom defrauded the trial court by filing the cross claim against her despite knowing that he lacked board approval or authority to do so. Even assuming, purely arguendo, that such conduct could constitute fraud on the court, we find her assignment of error to be without merit.
 {¶ 13} In its ruling, the trial court found that Carmack's allegations did not rise to the level of fraud on the court even if they were true. Notably, however, the trial court also concluded, that the fraud claim failed because Signom did have apparent or implied authority to file the cross claim on behalf of CMC and IBS. The trial court also found that *Page 6 
CMC formally ratified Signom's conduct after the fact, and that CMC and IBS both ratified his filing through their actions afterward. Based on our analysis of Carmack's sixth assignment of error, infra, we agree with the trial court that Signom had authority to file the cross claim. Therefore, his filing cannot have constituted fraud on the court. The second assignment of error is overruled.
 {¶ 14} In her third assignment of error, Carmack claims the trial court erred in finding her motion for relief from judgment to be untimely. Because she brought her motion under Civ. R. 60(B)(5), Carmack properly notes that she was required to file it within a "reasonable time" but not necessarily within one year. She then insists that, under the facts of this case, a 39-month delay between the trial court's entry of final judgment and the filing of her Civ. R. 60(B) motion was reasonable. In support, she asserts that two key witnesses who testified at the hearing on her motion, former CMC trustee Jeffrey Walther and executive director Marcia Bethel, were fearful of Signom and, therefore, delayed "coming forward" until shortly before she filed her motion in October 2006.
 {¶ 15} In its ruling, the trial court rejected Carmack's timeliness argument, reasoning as follows:
 {¶ 16} "Mrs. Carmack filed her motion on October 19, 2006, which was approximately 39 months from the Court's decision granting CMC judgment against Mrs. Carmack on July 31, 2003. The motion was filed one day before her response was due on a motion for summary judgment in [the fraudulent conveyance action] IBS v. Carmack, supra.
 {¶ 17} "Mrs. Carmack took the deposition of Mr. Signom and other discovery was *Page 7 
conducted in this case prior to summary judgment being granted in 2003. Witnesses, including board members and employees of CMC and IBS, could have been deposed at any time prior to the Court's decision. However, Mrs. Carmack did not depose Mr. Walther and Ms. Bethel until after the judgment was entered and a separate case was pending for enforcement of the judgment.
 {¶ 18} "Mrs. Carmack argues that Mr. Signom's fraud prevented her from knowing about his lack of authority. She alleges that Ms. Bethel and Mr. Walther feared retribution from Mr. Signom, but has offered no evidence on the subject. The alleged hesitation of these witnesses does not explain her failure to issue a subpoena for their testimony. Further, there is no explanation as to what changed to make these witnesses come forth at this time. * * * [T]he Court does not condone Mr. Signom's alleged conduct, but cannot find that Mr. Signom's conduct prevented Mrs. Carmack from raising a meritorious defense." (Sept. 11, 2007 Decision, Order, and Entry at 17-18).
 {¶ 19} Upon review, we find no abuse of discretion in the trial court's ruling on the issue of timeliness. The identity of Bethel and Walther was known to Carmack long before she moved for Civ. R. 60(B) relief. As the trial court noted, both witnesses could have been deposed prior to the entry of final judgment. If unwilling to testify, they could have been subpoenaed. The record also does not support Carmack's suggestion that she could not possibly have known the information Bethel and Walther possessed until they "both voluntarily came forward" shortly before she filed her motion in October 2006. During the hearing on Carmack's Civ. R. 60(B) motion, Walther testified that Carmack's husband actually called him in July or August 2006, seeking "some assistance." Specifically, Mr. Carmack called to inquire about whether Walther and Bethel, who were *Page 8 
residing together, would be "willing to tell the truth to his attorney[.]" (Tr. at 140). Walther and Bethel agreed and provided Carmack with the information upon which her Civ. R. 60(B) motion rests. Carmack has not explained why her husband could not have made his telephone call and obtained assistance from Walther and Bethel much earlier. For the foregoing reasons, we find no abuse of discretion in the trial court's determination that Carmack failed to seek Civ. R. 60(B) relief within a reasonable time. The third assignment of error is overruled.
 {¶ 20} In her fourth assignment of error, Carmack contends the trial court erred in finding that she failed to present a meritorious defense to the claim against her. She asserts that requiring her to raise such a defense "places the cart before the horse." In other words, Carmack claims she "should not be pressed or prejudiced to explain how she would defend IBS' [c]ross [c]laim until such time that the filing is legally founded."
 {¶ 21} Upon review, we find Carmack's argument to be without merit. In order to obtain relief under Civ. R. 60(B), Carmack was required to demonstrate: (1) the existence of a meritorious defense; (2) entitlement to relief on one of the grounds set forth in Civ. R. 60(B)(1) through (5); and (3) that her motion was timely filed. Carmack cites fraud on the court by Signom as grounds for relief under Civ. R. 60(B)(5). But even assuming, arguendo, that Signom did engage in fraud on the court by filing a cross claim without authority, Carmack still must establish a meritorious defense to the claim. A meritorious defense is "one going to the merits" of the case. Wayne Mut. Ins. Co. v. Marlow (June 5, 1998), Montgomery App. No. 16882, citing Black's Law Dictionary (6th Ed. Rev. 1991) 290.
 {¶ 22} Carmack's lack of a meritorious defense is evidenced in part by the trial *Page 9 
court's prior entry of summary judgment against her on the issue of her obligation to repay the money she borrowed from IBS. Carmack has failed to assert a defense to that obligation on appeal. Even if Signom initially lacked authority to file the cross claim, thereby committing fraud on the court under Civ. R. 60(B)(5), CMC's board of trustees subsequently ratified his actions, as will be explained more fully, infra. The board's ratification of the cross claim, coupled with Carmack's failure to present a defense to her obligation to repay the loan, persuades us that the trial court correctly found no meritorious defense. Accordingly, Carmack's fourth assignment of error is overruled.
 {¶ 23} In her fifth assignment of error, Carmack contends the trial court erred in finding minutes of a special meeting held by CMC's board of trustees on January 2, 2007 to be admissible. Those minutes reflect the adoption of several resolutions by CMC's board of trustees. One of the resolutions approved, ratified, and confirmed Signom's filing of the cross claim.
 {¶ 24} Carmack argues that the January 2, 2007 meeting is suspicious because it was held just days before the magistrate's hearing on her Civ. R. 60(B) motion and accomplished precisely what was necessary to defend against the motion. She also stresses that numerous prior CMC corporate minutes fail to mention Carmack or Signom's authority to file a cross claim against her. Carmack contends these circumstances cast doubt on the January 2, 2007 minutes. As a result, she argues that the trial court erred in finding them admissible.
 {¶ 25} Upon review, we are unpersuaded by Carmack's argument. In its ruling, the trial court reasoned as follows regarding the minutes:
 {¶ 26} "The magistrate was concerned with the regularity of the CMC meeting *Page 10 
since it was a special meeting called at the last minute after conferring with legal counsel. No evidence was presented that CMC was not entitled to conduct a special meeting and no explanation was given why the vote to ratify would be any more unreliable than votes taken in other CMC minutes. Mr. Signom's motive for calling the meeting is not relevant to this determination. The issue is whether the minutes are part of regularly conducted business and thus admissible. Phillip J. Deppenschmidt, secretary of CMC, testified that the special meeting was called and then transcribed as part of the regular business of the corporation." (Sept. 11, 2007, Decision, Order, and Entry at 9).
 {¶ 27} We agree with the trial court's reasoning. The timing of the special meeting supports an inference that it was held in anticipation of an upcoming hearing on Carmack's Civ. R. 60(B) motion. Based on the timing of the meeting, it appears that CMC's board members wished to take formal action to protect the judgment Signom had obtained for their benefit. We see nothing improper, or surprising, about the board doing so. Even if Signom acted without prior approval when he filed the cross claim against Carmack, the potentially aggrieved party was CMC's board. By holding a special meeting and expressly ratifying Signom's conduct, the board indicated that it did not consider itself to be aggrieved and that it wanted the judgment against Carmack to stand. In light of her pending motion for relief from that judgment, there is nothing unreasonable or inappropriate about the board members holding a special meeting to make their collective opinion known. Therefore, we see nothing inherently "suspicious" about the meeting. As the trial court noted, the relevant issue was whether the minutes were "part of regularly conducted business and thus admissible." Deppenschmidt's *Page 11 
testimony supports the trial court's determination that they were. Accordingly, we overrule Carmack's fifth assignment of error.
 {¶ 28} In her sixth assignment of error, Carmack contends the trial court erred in finding that Signom had authority to act on behalf of IBS or CMC when he filed his cross claim. In particular, she challenges the trial court's finding that Signom's filing of the cross claim was ratified after the fact. She argues that IBS could not have ratified the filing on January 2, 2007 because it ceased operations around 2003. With regard to CMC, she repeats her assertion that the meeting minutes discussed above should not have been admitted into evidence. Absent those minutes, she contends the trial court should have deferred to the magistrate's assessment of the testimonial evidence. Finally, she argues that neither IBS nor CMC could have ratified Signom's actions because they lacked full knowledge and understanding of his conduct.
 {¶ 29} Upon review, we find Carmack's arguments to be without merit. Regarding IBS, the record contains testimony from Signom that on January 2, 2007 IBS' directors, namely Mr. Signom and his son, expressly ratified the filing of the cross claim. (Tr. at 61-63). Even if IBS had ceased operations prior to that date, its directors still were permitted to take all actions "necessary or expedient to the winding up of the affairs of the corporation." R.C. 1701.88. As for CMC, its board ratified Signom's cross claim during the special meeting on January 2, 2007. In our analysis above, we concluded that the trial court properly considered the minutes from that meeting. By the time of the 2007 special meeting, we harbor no doubt that the voting board members were informed about the nature of the cross claim.
 {¶ 30} In addition to finding ratification, the trial court concluded that Signom had *Page 13 
apparent or implied authority to act on behalf of IBS and CMC at the time of his filing. The trial court reasoned as follows:
 {¶ 31} "* * * There are a number of ways that corporate authority can be established. The minutes of a corporation are the best evidence of authority, but the existence of authority can also be shown by course of business, the knowledge of the board of directors of the corporation, and by presumptions of such knowledge. Midland Acceptance Corp. v.Saunders (1935), 50 Ohio App. 123, 130, citing 2 Fletcher Cyclopedia Corporations (Perm. Ed.), 251 and 251, Section 444; See, alsoCampbell v. Hospitality Motor Inns, Inc. (1986), 24 Ohio St.3d 54, 57.
 {¶ 32} "* * *
 {¶ 33} "As an attorney, Mr. Signom filed the cross-claim and the third-party claim on behalf of CMC and IBS. The question of the power of the president of a corporation to employ an attorney for the corporation is dependent upon several elements, such as the express authority granted to him as president, the extent to which he conducts the actual management of the corporation, the nature of the litigation for which the attorney is employed. . . . These varying factors make it unsafe to state categorically that a corporate president has in all cases the power to employ counsel on behalf of the corporation. . . . However, the tendency seems to be . . . that the president has the power to employ counsel in the absence of some restriction, express or implied, in that regard. . . .' Ross v. Roston Elevator Co. (March 13, 1975), Cuyahoga App. No. 33572 (quoting 130 A.L.R. 898).
 {¶ 34} "The uncontradicted evidence shows that Mr. Signom had filed lawsuits on behalf of CMC in the past without obtaining prior board authority, he managed the *Page 14 
operations of the corporation, he took any actions that he deemed necessary, the Board always approved his actions, and the Board knew about the lawsuit after it was filed and took no action to change course.
 {¶ 35} "Although the situation is complicated by the fact that Mr. Signom, as president, authorized himself, as attorney, to file the cross-claim and third party claim, it does not change the fact that Mr. Signom had the authority, either apparent or implied, to handle legal matters on behalf of the corporation (CMC).
 {¶ 36} "* * *
 {¶ 37} "The issue of authority regarding IBS is not as clear as CMC because there were no other legal actions brought by Mr. Signom on behalf of IBS and there is scant evidence of how the corporate dealings of IBS were handled after the gift transfer.
 {¶ 38} "What the evidence does show is that CMC was the sole shareholder of IBS and Mr. Signom had the authority, as president of CMC, to act on IBS' behalf. Mrs. Carmack offered no evidence that Mr. Signom did not have the authority to act on behalf of IBS. The only testimony presented was that Signom II was the president of IBS and that his son was the only other officer. The testimony also showed that Mr. Signom was handling, by himself and through the supervision of employees, the operations of IBS. Based on the evidence before the Court, Mr. Signom had, at least, implied authority to file a legal action on behalf of IBS." (Sept. 11, 2007, Decision, Order, and Entry at 12-14).
 {¶ 39} We agree with the foregoing reasoning, which provides additional support for the trial court's finding that Signom was authorized to file the cross claim against Carmack. Accordingly, we overrule her sixth assignment of error. *Page 15 
 {¶ 40} Having overruled each of Carmack's assignments of error, we affirm the judgment of the Montgomery County Common Pleas Court.
 WOLFF, P.J., and FAIN, J., concur.