[Cite as *Myers v. Lawson*, 2013-Ohio-2500.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| MICHAEL MYERS, | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2012-07-068 |
| | : | O P I N I O N |
| - vs - | | 6/17/2013 |
| | : | |
| MICHAEL E. LAWSON, | : | |
| Defendant-Appellee. | : | |


CIVIL APPEAL FROM FRANKLIN MUNICIPAL COURT
Case No. 99-04-CVF-0170


John W. Herr, 400 South Main Street, Middletown, Ohio 45044, for plaintiff-appellant

Steven M. Runge, 401 South Main Street, Franklin, Ohio 45005, for defendant-appellee


**HENDRICKSON, P.J.**

{¶ 1}   Plaintiff-appellant, Michael Myers, appeals a decision of the Franklin Municipal Court, Civil/Small Claims Division, granting the motion of defendant-appellee, Michael Lawson, for relief from judgment.

{¶ 2}   The record indicates that a check for $322.22 was issued on February 25, 1998 from Williams UB Services Inc. to Lawson.  Lawson then presented this check to Myers.  However, Williams UB Services Inc. stopped payment on the check and, as such, Myers did

not receive the money he was owed by Lawson. Consequently, on April 20, 1999, Myers filed suit against Lawson seeking not only reimbursement for $322.22 but treble damages, court costs, and attorney's fees under R.C. 2307.61[1] based upon the allegation that Lawson's conduct was criminal in violation of R.C. 2913.11.[2]

{¶ 3} Lawson never responded to the complaint by motion or answer. Thus, on July 6, 1999, the trial court entered default judgment against Lawson and awarded Myers damages in the amount of $2,255.57 plus interest at a rate of 10 percent per annum and costs. As a result of the default judgment, Myers garnished Lawson's wages from 1999 until 2002, collecting approximately $700. However, Lawson became unemployed in 2002. Upon Lawson acquiring new employment in 2008, Myers sought to again garnish Lawson's wages.

{¶ 4} On June 21, 2010, Lawson moved for relief from judgment pursuant to Civ.R. 60(B)(5) "on the grounds that service of process was never properly obtained" against him. Specifically, Lawson requested that the 1999 default judgment award be set aside. A hearing was held on the motion before a magistrate wherein Lawson claimed that he had never received notice of the complaint or the default judgment because he did not live at the address served. Lawson also stated that he did not challenge the garnishment of his wages in 1999 because he was aware that he owed Myers money but did not realize that the amount he was required to pay Myers was approximately seven times the amount of the original debt.

{¶ 5} On October 26, 2010, the magistrate granted Lawson's motion for relief from judgment. In its decision, the magistrate determined that this case was an extraordinary

---

1. R.C. 2307.61 provides, in part, that a property owner may bring a civil action to recover damages from "any person who willfully damages the owner's property or who commits a theft offense" as defined in R.C. 2913.01 and recover damages including compensatory damages, treble damages, costs, and attorney's fees.

2. R.C. 2913.11 provides, in part, that "[n]o person, with the purpose to defraud, shall issue or transfer * * * a check * * * knowing that it will be dishonored or knowing that a person has ordered or will order stop payment on the check * * *." R.C. 2913.11(B).

situation where the interest of justice called for the application of Civ.R. 60(B)(5). Specifically, the magistrate stated that Myers was "paid for the amount of money he ever had lost, plus was paid a sizeable sum for either interest, court costs and his attorney fees, or all of the above." The magistrate further stated that Myers sought the additional money awarded in the default judgment "because the judgment permits him to, and no other reason." Thus, on the basis of "fundamental fairness," the magistrate granted Lawson's motion for relief from judgment, set aside the 1999 default judgment, and scheduled a hearing at which time Myers would be able "to demonstrate why he should be entitled to a judgment for any amount greater than the amount of money he was out, plus court costs and interest."

{¶ 6} Objections to the magistrate's decision were filed by Myers and, on June 12, 2012, the trial court rendered its decision on the matter. Pursuant to Civ.R. 53(D)(4)(d), the trial court undertook an independent review of the matters objected to by Myers and determined that the magistrate's scheduling of an additional hearing was unnecessary. The trial court went on to take an independent review of the entire record and make factual determinations regarding Lawson's conduct in signing over the $332.22 check. Specifically, the trial court concluded that, in "reviewing the entire file and all the exhibits," there was no evidence or allegation that Lawson intended to defraud Myers at the time of the endorsement. The trial court then found the 1999 default judgment award of $2,255.57 was "manifestly unfair," "unjust and beyond the bounds of reasonableness with respect to the amount of the judgment compared to the original" $322.22 debt, especially as there was "no evidence to support a claim for treble damages and attorney's fees." Thus, the trial court "sustained the magistrate's decision" granting Lawson's Civ.R. 60(B)(5) motion for relief from judgment, overruled Myers's objections to the magistrate's decision, and held that the "original judgment of $2,255.57, plus interest, is hereby set aside and held for naught and

- 3 -

that judgment in the amount of $700, which sum has already been satisfied, be granted to [Myers.]"

{¶ 7} From the trial court's decision, Myers appeals, raising two assignments of error. For ease of discussion, the assignments of error will be addressed out of turn.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ERRED BY AN ABUSE OF DISCRETION TO THE PREJUDICE OF [MYERS] WHEN IT DETERMINED THAT THERE WAS VALID REASON UNDER CIVIL RULE 60(B)(5) TO GRANT [LAWSON'S] MOTION FOR RELIEF FROM JUDGMENT MADE PURSUANT THERETO.

{¶ 10} In his second assignment of error, Myers argues the trial court erred in granting Lawson's motion for relief from judgment and setting aside the default judgment on the basis of Civ.R. 60(B)(5). Myers does not contend that the motion was untimely or that Lawson has failed to present a meritorious defense. Rather, Myers solely contends the trial court erred in citing the lack of evidence to support Myers's claim for damages and attorney's fees as a valid reason to grant relief from judgment under Civ.R. 60(B)(5).

{¶ 11} "Civ.R. 55(B) allows the trial court to set aside a default judgment in accordance with Civ.R. 60(B)." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150 (1976). Civ.R. 60(B) states, in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made

- 4 -

within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 12} "Civ.R. 60(B) is a remedial rule and should be liberally construed." *Blasco v. Mislik*, 69 Ohio St.2d 684, 685 (1982), citing *Colley v. Bazell*, 64 Ohio St.2d 243, 248 (1980). "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *Id.*, at paragraph two of the syllabus. "The foregoing requirements are 'independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met.'" *First Natl. Bank of Southwestern Ohio v. Individual Bus. Servs., Inc.*, 2nd Dist. No. 22435, 2008-Ohio-3857, ¶ 9, quoting *Strack v. Pelton,* 70 Ohio St.3d 172, 174, 1994-Ohio-107.

{¶ 13} "Where timely relief is sought and the movant has established a meritorious defense, doubt, if any, 'should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.'" *Robinson v. Miller Hamilton Venture, L.L.C.*, 12th Dist. No. CA2010-09-226, 2011-Ohio-3017, ¶ 14, quoting *GTE* at paragraph three of the syllabus. "The policy in Ohio is to afford Civ.R. 60(B) relief where equitable." *Id.*, citing *Southern Ohio Coal Co. v. Kidney*, 100 Ohio App.3d 661, 668 (4th Dist.1995).

{¶ 14} Granting relief from judgment under Civ.R. 60(B) is within a trial court's sound discretion, and its ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Robinson* at ¶ 15, citing *Veidt v. Cook*, 12th Dist. No. CA2003-08-209, 2004-Ohio-3170, ¶ 14. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable, and is more than a mistake of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} In this case, the trial court granted Lawson's motion for relief from judgment

- 5 -

pursuant to Civ.R. 60(B)(5). "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking said provision should be substantial." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983). Civ.R. 60(B)(5) should not be used as a substitute for any of the other more specific provisions of Civ.R. 60(B) but is left for matters of an extraordinary and unusual nature where the interest of justice so calls for it. *Robinson* at ¶ 17; *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist.1974).

{¶ 16} Here, Myers argues only that Lawson has failed to meet the second prong of the *GTE* test. Specifically, Myers claims Lawson has failed to demonstrate that he is entitled to relief under Civ.R. 60(B)(5). However, at oral argument, Myers stated that he does not object to the trial court's granting of Civ.R. 60(B)(5) relief from the judgment but, rather, takes issue with the trial court's entering of a new judgment without allowing Myers the opportunity to present any evidence. Specifically, Myers stated that the trial court did have the authority to set the default judgment aside but went beyond that authority in entering a new judgment without the presentation of evidence. Thus, Myers essentially concedes his argument that the trial court erred in applying Civ.R. 60(B)(5) in granting Lawson relief from judgment.

{¶ 17} Yet, even if Myers had not conceded this argument, we would find that the trial court did not abuse its discretion in concluding that Lawson had stated grounds justifying relief from judgment pursuant to Civ.R. 60(B)(5). The trial court found that the default judgment award of $2,255.57 plus interest and costs was "unjust and beyond the bounds of reasonableness with respect to the amount of the judgment compared to the original [$332.22] debt."

{¶ 18} "An excessive award of damages is sufficient to trigger relief pursuant to Civ.R. 60(B)(5)." *Bajtkiewicz v. Wisniewski*, 8th Dist. No. 63661, 1993 WL 19537, *3 (Jan. 28, 1993). The default judgment awarded Myers an amount of damages roughly seven times the

amount of the original $332.22 check. Thus, we find that, in the interest of justice—and due to Myers's acknowledgments at oral argument—such a damages award requires trial on the merits. Consequently, we find that the trial court did not err in granting Lawson's motion for relief from judgment on the basis of Civ.R. 60(B)(5).

{¶ 19} Accordingly, Myers's second assignment of error is overruled.

{¶ 20} Assignment of Error No. 1:

{¶ 21} THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF [MYERS] IN THE EXERCISE OF ITS AUTHORITY TO SET ASIDE A DEFAULT JUDGMENT IN ACCORDANCE WITH CIVIL RULES 55(B) AND 60(B) WHEN IT SET ASIDE THE ORIGINAL DEFAULT JUDGMENT IN THE AMOUNT OF $2,255.57 PLUS INTEREST AND COSTS IN FAVOR OF [MYERS] AND INCIDENT THERETO SUMMARILY ADJUDICATED THE SUBSTANTIVE MERITS OF THE CLAIM UNDERLYING THE DEFAULT JUDGMENT BY ENTERING A NEW JUDGMENT IN FAVOR OF [MYERS] IN THE AMOUNT OF $700.00 ONLY WHICH WAS DECLARED SATISFIED UPON ENTRY.

{¶ 22} In his first assignment of error, Myers contends the trial court erred in entering a new judgment in the case without first providing Myers the opportunity to present evidence.

{¶ 23} As noted above, after determining that the 1999 default judgment should be set aside under Civ.R. 60(B), the trial court found that an evidentiary hearing on the matter was unnecessary. Instead, the trial court ruled that Myers was unable to make his case that Lawson's conduct in endorsing the $332.22 check to Myers was criminal under R.C. 2307.61 and R.C. 2913.11. As such, the trial court entered a new judgment, awarding Myers the $700 which had already been garnished from Lawson's wages. The trial court based its ability to review the record and award a different judgment under Civ.R. 53(D)(4)(d) and Civ.R. 60(B).

{¶ 24} Pursuant to Civ.R. 53(D)(4)(d), if "one or more objections to a magistrate's

- 7 -

decision are timely filed," the trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53 further "obligates a trial court to make its own determinations, without deference to the magistrate, through a de novo review." *Individual Business Services*, 2008-Ohio-3857 at ¶ 11. Yet, neither Civ.R. 53 nor Civ.R. 60(B) permit the trial court to sua sponte rule on the merits of the case without first allowing the parties the opportunity to be heard.

{¶ 25} When a trial court considers a motion to set aside a default judgment there are limits procedurally and substantively to its authority under Civil Rules 55(B) and 60(B). In ruling on a motion for relief from a default judgment, the Civil Rules do not empower a trial court, as an element of relief, to bar the plaintiff from responding to defenses as would have occurred if the defendant had timely responded to the summons in the first place.

{¶ 26} Here, the trial court performed an independent review of the entire case and determined that there was insufficient evidence that Lawson intended to defraud appellant so as to support a claim for treble damages and attorney's fees. Yet, as the case was disposed of by default judgment in 1999, no evidence had ever been presented upon which the trial court could make such a conclusion and Myers had no duty to prove his case at the hearing on the motion for relief from judgment.

{¶ 27} Although a trial court may have the authority under Civ.R. 60(B) to reduce the amount of a judgment in order to provide relief to the moving party, the trial court's specific findings in this case make a determination on the merits of the case without first allowing the parties to present evidence. Essentially, the trial court set aside the default judgment in order to sua sponte enter summary judgment in Myers's favor for a lesser amount of damages without allowing him to present any evidence in support of his claim. We can find no support in the Civil Rules or case law that would provide the trial court with this type of authority.

Therefore, we find that the trial court exceeded the scope of its authority in sua sponte entering a new judgment in this case without first providing Myers the opportunity to make his case.

{¶ 28} Accordingly, Myers's first assignment of error is sustained.

{¶ 29} Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

S. POWELL and M. POWELL, JJ., concur.