OPINION
{¶ 1} Plaintiff-appellant, Hans Buflod, appeals the decision of the Warren County Court of Common Pleas dismissing his complaint for lack of personal jurisdiction over defendants-appellees, Von Wilhendorf, LLC and John Henkel. We affirm the trial court's decision.
 {¶ 2} The instant suit arose after appellant, an Ohio resident, contracted to purchase three German Shepard dogs from appellees. Appellees, a Connecticut corporation and its primary shareholder, reside in Connecticut and neither own property nor maintain a statutory agent in Ohio. Other than the transactions involving appellant, appellees have engaged in no other transactions in the state of Ohio. On average, appellees sell approximately 50 dogs in a given year. The contracts at issue in this case were executed on October 10, 2003, November 19, 2003 and February 16, 2004. As a result, the instant transactions constituted approximately two of 50 in a year and one of 50 in a year for appellees, respectively.
 {¶ 3} Appellant first became aware of appellees thorough a friend, Nick Christ, who initiated the first purchase on appellant's behalf. The subsequent purchases were initiated by appellant himself. Over the course of time during which the instant purchases were consummated, appellant and appellees exchanged numerous telephone calls and electronic mail, though the precise dates and nature of such communications are unknown. The contracts themselves were signed by appellees and sent to appellant via facsimile for execution. Each contains a choice of law provision providing for the application of Connecticut law.
 {¶ 4} All three dogs delivered to appellant were found to have health problems, prompting appellant to bring this action against appellees based on various statutory, contract and tort theories of recovery. Upon appellees' motion to dismiss, however, the trial court determined it lacked personal jurisdiction over appellees, and dismissed appellant's suit accordingly. In doing so, the trial court determined that appellees lacked sufficient contacts with Ohio, finding the instant purchases were the only sales appellees had ever made in Ohio and did not create an ongoing business relationship with an Ohio resident. The trial court further found appellees' advertisements on non-interactive, universally accessible websites, and in national publications, were insufficient to support an exercise of personal jurisdiction over appellees. Appellant appeals the trial court's decision, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT HELD THAT IT DID NOT HAVE PERSONAL JURISDICTION OVER APPELLEES."
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO VIEW EVIDENCE IN A LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY (APPELLANT BUFLOD) AND DID NOT RESOLVE ALL DOUBTS IN FAVOR OF THE NON-MOVING PARTY."
 {¶ 9} In his first assignment of error, appellant argues that the trial court erred in finding it lacked personal jurisdiction over appellees, where appellees' conduct satisfies the provisions of Ohio's long-arm statute and exercising personal jurisdiction over appellees complies with Fourteenth Amendment due process standards. In his second assignment of error, appellant challenges the trial court's assessment of the evidence upon appellees' motion to dismiss, arguing that the trial court did not view "all the evidence, and resolve all doubts, in favor of [a]ppellant." We address appellant's assignments of error together, finding both to be without merit.
 {¶ 10} We review a trial court's judgment granting a motion to dismiss for lack of personal jurisdiction de novo. See Robinson v. Koch RefiningCo. (June 17, 1999), Franklin App. No. 98AP-900. To defeat a non-resident defendant's motion to dismiss premised upon jurisdictional grounds, a plaintiff must make a prima facie demonstration that the trial court has personal jurisdiction over the defendant. See Yauger v.Hamilton Sorter Co. (Oct. 18, 1993), Butler App. No. CA93-02-030; see also Robinson; Giachetti v. Holmes (1984), 14 Ohio App.3d 306, 307. A prima facie showing is made where the plaintiff produces sufficient evidence to allow reasonable minds to conclude that the trial court has personal jurisdiction over the defendant. Giachetti at 307;Robinson. In making this determination, a trial court must "view allegations in the pleadings and the documentary evidence in a light most favorable" to the plaintiff and resolve "all reasonable competing inferences" in favor of the plaintiff. Goldstein v. Christiansen, 70 Ohio St.3d 232,236,1994-Ohio-229; Giachetti at 307; Robinson.
 {¶ 11} To find that personal jurisdiction exists over a non-resident defendant, a trial court must complete a two-step analysis. SeeKentucky Oaks Mall v. Mitchell's Formal Wear, Inc. (1990),53 Ohio St.3d 73, 75. First, a court must find that the defendant satisfies the provisions of Ohio's long-arm statute, R.C. 2307.382. Id. Second, a court must find that exercising personal jurisdiction over the defendant complies with due process requirements of the Fourteenth Amendment to the United States Constitution. Id.
 {¶ 12} Of relevance in this case is R.C. 2307.382 (A) (1 ), under which a trial court "may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's * * * [t]ransacting any business in this state * * *." The phrase, "transacting any business," has been interpreted broadly by Ohio courts. See Kentucky Oaks Mall at 75; see also Schneider v. Gunnerman (Aug. 24, 1998), Fayette App. Nos. CA97-07-017, CA97-12-034. Nevertheless, "a nonresident's ties must `create a "substantial connection with Ohio to find personal jurisdiction exists under R.C. 2307.382 (A) (1 ). SeeU.S. Sprint Communications Co. v. Mr. K's Foods, Inc.,68 Ohio St.3d 181, 185, 1994-Ohio-504. Where a non-resident defendant contracts with an Ohio resident to create an ongoing business relationship, such defendant is "transacting any business" in Ohio pursuant to the plain meaning of R.C. 2307.382 (A) (1 ). See Kentucky Oaks Mall at 76; see alsoSchneider.
 {¶ 13} Appellant relies upon this court's decision inSchneiderto support his assertion that appellees satisfy R.C. 2307.382
(A) (1 ) because they entered into contracts with an Ohio resident. We find such reliance is misplaced. In Schneider, we held that a non-resident defendant was "transacting any business" in Ohio, and that exercising personal jurisdiction over him was proper, where he intentionally contracted with an Ohio resident to develop aircraft applications utilizing his own company's fuel technology. Id. Unlike in the present case, however, the defendant in Schneider created an ongoing business relationship with an Ohio resident, evidenced by his testimony that he intended to develop aircraft applications using the subject fuel technology in Fayette County, Ohio. Id. We found this testimony significant because it demonstrated a continuing business endeavor was anticipated between the parties, intended to benefit both parties. Id.
 {¶ 14} In this case, the record demonstrates that appellees' only business dealings relating to Ohio include three contracts entered into with appellant over a less than five month period of time. The record demonstrates that the three dogs appellees sold to appellant are the only dogs appellees have ever sold in the state of Ohio. Further, appellees do not solicit business in Ohio, and neither own property in Ohio nor maintain a statutory agent in Ohio. As such, there is no indication that appellees have an ongoing or continuing business relationship with appellant or any other Ohio resident. The three contracts at issue were isolated transactions, all of which were initiated by appellant himself. That appellant and appellees engaged in various communications incident to these transactions does not change their nature as such under the facts of this case. See e.g.Krutowsky v. Simonson (1996), 109 Ohio App.3d 367, 371. Accordingly, we find no error in the trial court's determination that it lacked personal jurisdiction over appellees pursuant to R.C. 2307.382 (A)(1).
 {¶ 15} Moreover, we agree with the trial court's conclusion that appellees' contacts with Ohio do not satisfy Constitutional due process requirements concerning personal jurisdiction. A state may only exercise personal jurisdiction over a non-resident defendant where the defendant has purposefully established "minimum contacts" in the forum state, and an exercise of jurisdiction "does not offend `traditional notions of fair play and substantial justice.'" See International Shoe Co. v.Washington (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158. A defendant purposefully establishes minimum contacts where such contacts "proximately result" from the defendant's own actions "that create a `substantial connection' with the forum State." See Burger King Corp. v.Rudzewicz (1985), 471 U.S. 462, 475-476, 105 S.Ct. 2174, 2184.
 {¶ 16} "[W]here the defendant `deliberately' has engaged in significant activities within a State, or has created `continuingobligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by `the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in the forum as well." See Id. (Internal citations omitted). (Emphasis sic.)
 {¶ 17} Further, minimum contacts are satisfied "when the defendant's conduct in connection with the forum state is such that the defendant should `reasonably anticipate being haled into the court there.'" SeeMultiform Plastics, Inc. v. Thermo Plastics Display, Inc. (July 12, 1993), ClermontApp. No. CA93-01-004, citing Burger King at 474,105 S.Ct. at 2184. Notably, "single" or "occasional" acts are insufficient to establish jurisdiction "if `their nature and quality and the circumstances of their commission' create only an `attenuated' affiliation with the forum." See Burger King at 476, 105 S.Ct. at 2184. "[W]ith respect to this category of `isolated acts,' the reasonable foreseeability of litigation in the forum is substantially diminished." See Id.
 {¶ 18} In this case, we cannot say that the trial court erred when it found appellees lack minimum contacts with Ohio. As stated, the record indicates that the transactions at issue were isolated events, initiated by appellant himself after he became aware of appellees' operation from his friend, Nick Christ. Appellees have never sold dogs in Ohio on any other occasion, do not solicit business in Ohio and neither own property nor maintain a statutory agent in Ohio. Moreover, the contracts appellant voluntarily signed contain a choice of law provision providing for the application of Connecticut law. Though this is not a determinative factor in a court's personal jurisdiction analysis, it further suggests that appellees did not reasonably anticipate litigating in Ohio.
 {¶ 19} In addition, though appellant places a great deal of weight on appellees' advertisements on various websites and in nationally circulated magazines, we find such activity insufficient to establish personal jurisdiction. As the trial court noted, the fact that a defendant utilizes a passive, non-interactive website available to any Internet user does not support a finding that jurisdiction exists. SeeCentury Marketing Corp. v. Aldrich, Wood App. No. WD-02-045, 2003-Ohio-1390; see also Bird v. Parsons (C.A.6 2002), 289 F.3d 865,874. Similarly, a defendant does not subject himself to personal jurisdiction in a particular forum by simply advertising in a nationally circulated magazine. See Krutowsky, 109 Ohio App.3d at 371.
 {¶ 20} Accordingly, we agree with the trial court's conclusion that, viewing the evidence in this case in a light most favorable to appellant, appellees' connection with Ohio is not substantial enough to make the exercise of personal jurisdiction over appellees reasonable. Appellant's first and second assignments of error are therefore overruled.
 {¶ 21} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.