OPINION
{¶ 1} Plaintiff-appellant, National City Commercial Capital Corporation ("National City"), dba and fka Information Leasing Corporation, appeals the decision of the Butler County Court of Common Pleas granting a motion to dismiss its complaints for lack of personal jurisdiction.
 {¶ 2} Originally consolidated under Case No. CA2005-08-223, these three cases *Page 2 
arose from a similar set of factual circumstances. Defendants-appellees, Weston Cotton Attorney at Law, Weston Cotton, and two other appellees, [1] are out-of-state entities and guarantors, if applicable, that entered into lease agreements for telecommunication equipment with NorVergence, Inc. NorVergence assigned its interest in the payments on the leases to Information Leasing Corporation, now National City, and eventually was forced into bankruptcy.
 {¶ 3} National City filed lawsuits against appellees in Butler County, seeking payments owed under the leases assigned to it. National City averred in its complaints that the trial court had personal jurisdiction over appellees through a forum-selection clause in the lease agreement.
 {¶ 4} Appellees filed motions to dismiss the complaints, alleging the trial court lacked personal jurisdiction over appellees. Without holding a hearing, the trial court granted appellees' motions. National City instituted this appeal, setting forth two assignments of error. We will combine for our discussion National City's two assignments of error.
 {¶ 5} First, we observe that National City had the burden upon appellees' motion to establish the court's jurisdiction. See Giachettiv. Holmes (1984), 14 Ohio App.3d 306, 307. Where the trial court did not hold an evidentiary hearing, it was required to view allegations in the pleadings and documentary evidence in a light most favorable to National City, resolving all reasonable competing inferences in its favor. SeeGoldstein v. Christiansen, 70 Ohio St.3d 232, 236, 1994-Ohio-229. In the absence of a hearing, National City had only to make a prima facie case to demonstrate jurisdiction in order to defeat a motion to dismiss.Interior Servs., Inc. v. Iverson, Hamilton App. No. C-020501, 2003-Ohio-1187, ¶ 7. We review the *Page 3 
trial court's ruling granting a motion to dismiss for lack of personal jurisdiction pursuant to a de novo standard of review. McIntyre v.Rice, Cuyahoga App. No. 81339, 2003-Ohio-3490.
 {¶ 6} National City argues in its assignments of error that the trial court erred in dismissing the case for lack of personal jurisdiction because the forum-selection clause in the agreement did not violate Ohio law per se and was enforceable as it was not the product of fraud or overreaching, nor unjust or unreasonable.
 {¶ 7} Parties to a contract may agree to submit to the jurisdiction of a particular court through the use of a forum-selection clause, thereby waiving the requirement that the court have personal jurisdiction over the parties. See National City Commercial Capital Corp. v. GatewayPacific Contractors, Inc. (S.D.Ohio Oct. 31, 2007), No. 1:4cv669.
 {¶ 8} Where, as in the case at bar, there appears no basis for personal jurisdiction over appellees absent the parties' agreement, the inquiry is limited to the validity of the forum-selection clause. Id.
 {¶ 9} After the trial court issued its decision and entry in this case, the Ohio Supreme Court released its decision in Preferred Capital,Inc. v. Power Engineering Group, Inc., 112 Ohio St.3d 429,2007-Ohio-257. The Preferred Capital case dealt with the issue of personal jurisdiction for cases in which assignees of NorVergence leases filed suit against businesses based on leases with similar, if not the same, floating forum-selection clause.
 {¶ 10} This court provided an extensive discussion of the issues related to the forum-selection clause at issue and the PreferredCapital case in National City Comm. Capital Corp. v. All AboutLimousines Corp. et al., Butler App. No. CA2005-08-226, 2009-Ohio___. National City's two assignments of error in that case are the same as the first and second assignments of error in the case at bar.
 {¶ 11} Accordingly, our ruling on the first and second assignments of error in the *Page 4 
instant case is based on our decision in All About Limousines and we incorporate by reference our discussion and analysis in that case. In accordance with All About Limousines, the first two assignments of error are sustained only to the extent that we find the trial court erred in granting appellees' motions to dismiss for lack of personal jurisdiction related to the unreasonableness of the forum-selection clause and the finding that it was against public policy without exploring the "superior knowledge," if any, on the assignment of the lease payments.
 {¶ 12} We reverse the trial court's determination on the issue of personal jurisdiction and remand this matter to the trial court to consider these issues in accordance with the decision of the Ohio Supreme Court in Preferred Capital, and, as applicable, our remand fromAll About Limousines.[2]
 {¶ 13} Judgment reversed and remanded to the trial court for further proceedings according to law and consistent with the opinion of this court.
BRESSLER and YOUNG, JJ., concur.
[1] The other appellees in this case are: Jerry Bullard dba Jerry Bullard Agency — CA2005-08-249; Reelcology, Inc. and Kenneth Smith — CA2005-08-353.
[2] Similar to the content of the second and third footnotes inNational City v. All About Limousines, Corp., we note that a document referencing, but not explaining, a 2003 Master Program Agreement between Information Leasing Corporation, nka National City, and NorVergence was attached to a responsive pleading or motion of National City in two cases herein. We also note that one of the appellees in this group of cases has its offices in New Jersey. *Page 1