[Cite as *Booth v. Watershed Wellness Ctr.*, 2013-Ohio-5272.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

MICHAEL BOOTH,                           :

    Plaintiff-Appellant,                 :         CASE NO.   CA2013-04-065

                                      :         O P I N I O N
    - vs -                                              12/2/2013

                                        :

THE WATERSHED WELLNESS CENTER,  :

    Defendant-Appellee.                   :


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-10-3592


Jacobs, Kleinman, Seibel & McNally, Mark J. Byrne, Cincinnati Club Bldg., 30 Garfield Place, Suite 905, Cincinnati, Ohio 45202, for plaintiff-appellant

Sebaly Shillito & Dyer, Dianne F. Marx, Erin A. Moosbrugger, 1900 Kettering Tower, 40 North Main Street, Dayton, Ohio 45423, for defendant-appellee


**PIPER, J.**

{¶ 1}  Plaintiff-appellant, Michael Booth, appeals a decision of the Butler County Court of Common Pleas dismissing his breach of contract claim against defendant-appellee, The Watershed Wellness Center (WWC), for lack of personal jurisdiction.

{¶ 2}  Booth, who is a resident of Butler County, Ohio, began researching the internet for information on personal use water ionizers.  As a result, he viewed several YouTube

videos regarding water ionizers produced by WWC, which is a Michigan corporation that specializes in selling nutritional products. Booth purchased a WWC product, and then made a second purchase, both of which were shipped to his home address in Ohio. Ultimately, Booth purchased enough products from WWC to personally distribute them in Ohio, though Booth has never asserted that he shared a distribution agreement with WWC.

{¶ 3} Booth contacted WWC via telephone and email to offer his consulting services to the company. While WWC initially declined to employ Booth, the company eventually agreed to review a services agreement proposed by Booth. The proposed agreement stated that it would be governed by the "laws of the State of Michigan, USA." WWC signed the agreement and sent it, as well as a check for $8,000, to Booth via mail. However, before Booth received the agreement and check in the mail, WWC placed a "stop payment" on the check and rescinded the service agreement because of a contentious conversation Booth had with WWC.

{¶ 4} After erroneously filing suit in the Hamilton Municipal Court, Booth ultimately filed a breach of contract claim in the Butler County Court of Common Pleas. WWC then filed a Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction in the common pleas court, and attached an affidavit from Robert McCauley, WWC's president, in support. Booth responded to the motion, and attached his own affidavit to the reply in opposition to WWC's motion to dismiss. The trial court heard arguments from counsel and subsequently granted WWC's motion to dismiss after finding that it lacked personal jurisdiction over WWC.[1] Booth now appeals the trial court's decision, raising the following assignment of error.

---

1. According to WWC's brief, the trial court heard counsel's arguments in chambers on March 22, 2013. The trial court made reference to an evidentiary hearing in its written decision, and applied the legal standard as if an evidentiary hearing occurred. However, the record does not contain any indication that an evidentiary hearing was ever held. The record indicates that the trial court held a brief status report hearing on March 22, 2013, but there is no mention made of a "hearing" in chambers, and there is no transcript of the arguments in the file.

{¶ 5} THE TRIAL COURT ERRED IN GRANTING WATERSHED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.

{¶ 6} Booth argues in his assignment of error that the trial court erred in granting WWC's motion to dismiss because the court had jurisdiction via Ohio's long-arm statute and because WWC had minimum contacts with Ohio.

{¶ 7} An appellate court reviews de novo a trial court's judgment granting a motion to dismiss for lack of personal jurisdiction. *Buflod v. Von Wilhendorf, LLC*, 12th Dist. Warren No. CA2006-02-022, 2007-Ohio-347. Where a trial court decides a Civ.R. 12(B)(2) motion without a hearing, a plaintiff need only make a prima facie showing of personal jurisdiction and the trial court must view allegations in the pleadings and documentary evidence in a light most favorable to the plaintiff, resolving all reasonable competing inferences in its favor. *Natl. City Commercial Capital Corp. v. All About Limousines Corp.*, 12th Dist. Butler No. CA2005-08-226, 2009-Ohio-1159, ¶ 5. A prima facie showing is made where the plaintiff produces sufficient evidence to allow reasonable minds to conclude that the trial court has personal jurisdiction over the defendant. *Buflod* at ¶ 10.

{¶ 8} Before a trial court may exert personal jurisdiction over a nonresident defendant, it must complete a two-step analysis. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73 (1990). First, the defendant must satisfy the provisions of Ohio's long-arm statute, R.C. 2307.382, and second, exercising jurisdiction over the defendant must comply with due process requirements inherent in the Fourteenth Amendment. *Id.*; *Dobos v. Dobos*, 179 Ohio App.3d 173, 2008-Ohio-5665 (12th Dist.).[2]

{¶ 9} "The due process clause protects an individual's liberty interest in not being subject to binding judgments of a forum with which that individual has established no

---

2. Ohio's long-arm statute, R.C. 2307.382, provides in pertinent part, that an Ohio court can exercise jurisdiction over a corporation that transacts any business in the state.

meaningful contacts, ties, or relations." *Multiform Plastics Inc. v. Thermo Plastics Display, Inc.*, 12th Dist. Clermont No. CA93-01-004, 1993 WL 257232, *1 (July 12, 1993), citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471, 105 S.Ct. 2174 (1985). An Ohio court can assert jurisdiction if the nonresident defendant has certain minimum contacts with Ohio so that having the party defend in Ohio does not offend traditional notions of fair play and substantial justice. *Internatl. Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154 (1945). "The constitutional touchstone is whether the nonresident defendant purposely established contacts in Ohio so that the defendant should reasonably anticipate being haled into court there." *VanCamp v. VanCamp*, 12th Dist. Butler Nos. CA2001-03-058, CA2001-03-059, CA2001-03-060, 2002 WL 4472, *4, (Dec. 31, 2001), *citing Burger King Corp.* Jurisdiction is proper if the contacts proximately result from the defendant's actions that create a substantial connection with the forum state. *Burger King Corp.*

{¶ 10} The trial court found that WWC did not transact any business in Ohio, and therefore, had not triggered Ohio's long-arm statute. While we agree with the trial court that it did not have jurisdiction over WWC, we focus our analysis on the lack of minimum contacts and find that WWC created no substantial connection with Ohio and did not purposely establish contacts in Ohio so that it should reasonably anticipate being haled into an Ohio court.

{¶ 11} The record indicates that WWC maintains a single office in Michigan and operates its entire business from there. WWC does not own any property in Ohio, has not sent its representatives to Ohio for any purpose, nor has WWC participated in any trade shows within Ohio. WWC is not registered to transact business in Ohio, and does not market its product or advertise in Ohio.

{¶ 12} The only way in which WWC communicated with Booth was when he contacted the company and its representatives, which occurred via telephone or email. *See Am. Office*

- 4 -

*Services, Inc. v. Sircal Contracting, Inc.*, 8th Dist. Cuyahoga No. 82977, 2003-Ohio-6042, ¶ 12 (noting that "who initiates the business contact is often a significant factor in determining whether a party deliberately pursued the benefits of doing business in that state"). WWC never solicited Booth's services, and in fact, initially turned down his business proposal. After Booth repeatedly initiated contact with WWC, the company did consider a business agreement with Booth, but changed its mind before following through on the agreement.

{¶ 13} However, and as an important factor for consideration, even if WWC had entered into a business relationship with Booth based upon the service agreement, the agreement expressly stated that it would be governed by Michigan law. Although the parties never had a business relationship pursuant to the agreement, the choice of law provision nonetheless clearly indicated that WWC did not reasonably anticipate the possibility of being haled into an Ohio court. See *Buflod*, 2007-Ohio-347 at ¶ 18 (noting that "though this is not a determinative factor in a court's personal jurisdiction analysis, [the choice of law provision] further suggests that appellees did not reasonably anticipate litigating in Ohio").

{¶ 14} After reviewing the record, the trial court correctly dismissed Booth's claim because it lacked jurisdiction over WWC. As such, Booth's single assignment of error is overruled.

{¶ 15} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.