[Cite as *Start Skydiving, L.L.C. v. Wiese*, 2017-Ohio-7020.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

START SKYDIVING, LLC, : 

      CASE NO. CA2017-04-042

    Plaintiff-Appellant, :

    O P I N I O N

:     7/31/2017

  - vs -

:

ANDRI WIESE, :

    Defendant-Appellee. :

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2016-11-2443

Rittgers & Rittgers, Konrad Kircher, 12 East Warren Street, Lebanon, Ohio 45036, for plaintiff-appellant

Konrad Kuczak, 130 West Second Street, Suite 1010, Dayton, Ohio 45402, for defendant-appellee

**S. POWELL, J.**

{¶ 1} Plaintiff-appellant, Start Skydiving, LLC ("Start Skydiving"), appeals from the decision of the Butler County Court of Common Pleas dismissing its complaint against defendant-appellee, Andri Wiese.[1] For the reasons outlined below, we affirm.

---

1. Pursuant to Loc.R. 6(A), we hereby sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

{¶ 2} Start Skydiving is a Delaware limited liability company that operates a recreational skydiving center in Middletown, Butler County, Ohio. Wiese is an Illinois resident who is engaged in the skydiving industry as the president of Win Win Aviation, Inc. ("Win Win"), an Illinois corporation.

{¶ 3} On November 14, 2016, Start Skydiving filed a complaint against Wiese alleging claims of breach of contract, unjust enrichment, fraud, and negligence. According to the complaint, the allegations arose after Wiese, in his individual capacity, sold Start Skydiving cargo doors to a Cessna Caravan aircraft that Start Skydiving had previously leased to Chambersburg Skydiving Center ("Chambersburg"). This transaction occurred after Start Skydiving "expressed interest throughout the skydiving community that it wished to purchase replacement cargo doors for its Caravan aircraft," to which Wiese responded "by stating he [Wiese] had doors for sale."

{¶ 4} Agreeing to purchase the cargo doors from Wiese, Start Skydiving paid Wiese $10,000 and then "retrieved the doors" from him. After the purchase was complete, Start Skydiving returned to Ohio and began to install the cargo doors on its Caravan aircraft when it identified the doors as "the same ones which had been on the plane when it was delivered to Chambersburg." The complaint concludes by stating that Wiese, knowing the cargo doors were property of Start Skydiving at the time of the sale, refused to return the money Start Skydiving paid Wiese for the cargo doors.

{¶ 5} On December 12, 2016, Wiese moved to dismiss Start Skydiving's complaint alleging the trial court lacked personal jurisdiction over him resulting from "the single sale of aircraft doors" to Start Skydiving. In response, on December 29, 2016, Start Skydiving filed a memorandum in opposition to Wiese's motion to dismiss claiming Wiese's contacts with the state of Ohio, particularly that of Butler County, were sufficient to confer personal jurisdiction over him to the trial court since Wiese's contacts with Ohio and Butler County were more

than just a single transaction for the sale of cargo doors. An affidavit attached to Start Skydiving's memorandum, however, indicated that Start Skydiving "had never before done business with Wiese in his personal capacity" in Ohio or otherwise.

{¶ 6} On January 6, 2016, Wiese filed a reply to Start Skydiving's memorandum, wherein Wiese averred that he never conducted any business activities of Win Win as a sole proprietor, and that any contacts with Ohio and Butler County had been strictly in his capacity as president of Win Win. Wiese also noted the fact that Win Win was then currently pursuing a collection claim in the Circuit Court for the 23rd Judicial Circuit, DeKalb County, Illinois against Start Skydiving. It is undisputed that Start Skydiving attempted to transfer venue of the DeKalb County case to Butler County, a motion that the Illinois Circuit Court denied.

{¶ 7} On March 16, 2017, after taking the matter under advisement, the trial court granted Wiese's motion to dismiss. In so holding, the trial court stated, in pertinent part, the following:

> [Start Skydiving] lists a number of activities Wiese is tangentially related to or involved in, but ultimately, that conduct is on behalf of Win Win and not as an individual. In those contacts, Win Win reaps the benefits and potential liabilities of his actions, while in this matter, [Start Skydiving] is pursuing [Wiese] as an individual.
>
> * * *
>
> Viewing the allegations of [Start Skydiving's] complaint in a light most favorable to it, this court finds that Wiese's personal conduct does not confer jurisdiction to this court. Wiese, based upon the pleadings, sold the doors as an individual, and that represented a one-time personal transaction with an Ohio business. As such, the court finds that there is insufficient support to establish Wiese individually maintained minimum contacts with Ohio * * *

The trial court also determined that "any rulings from this court might alter the Illinois case or lead to opposing outcomes in each jurisdiction," and therefore, found "it should step aside and allow the Illinois court to proceed on the original filings and any cross claims that may be

presented."

{¶ 8} Start Skydiving now appeals from the trial court's decision to grant Wiese's motion to dismiss for lack of personal jurisdiction, raising a single assignment of error for review.

{¶ 9} THE TRIAL COURT ERRED WHEN IT GRANTED WIESE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.

{¶ 10} In its single assignment of error, Start Skydiving argues the trial court erred by granting Weise's motion to dismiss for lack of personal jurisdiction. We review a trial court's judgment granting a motion to dismiss for lack of personal jurisdiction de novo. *Dahlhausen v. Aldred*, 187 Ohio App.3d 536, 2010-Ohio-2172, ¶ 21 (12th Dist.). De novo review means that this court uses the same standard the trial court should have used. *Carter v. Reese*, 12th Dist. Butler No. CA2014-04-095, 2014-Ohio-5395, ¶ 11.

**The Parties' Arguments on Appeal**

{¶ 11} In the briefs submitted to this court, as well as during oral argument, the parties limited their arguments to issues involving the trial court's application of Ohio's long-arm statute, R.C. 2307.382, and the principles of due process. The parties did not address the trial court's additional holding, albeit in the alternative, that this case could also be dismissed because Win Win and Start Skydiving were involved in litigation in DeKalb County, Illinois. Given the fact that neither party contested that holding on appeal, this court would be well within its power to affirm the trial court's decision on that basis alone.

{¶ 12} However, after a thorough review of the record, and based on the representations of both parties during oral argument, we are not convinced the trial court's decision was entirely correct given the named parties involved in the DeKalb County case included only Win Win and Start Skydiving, not Wiese. Moreover, again based on the representations from both parties during oral argument, the DeKalb County case does not in

any way involve "issues surrounding payment for the doors" as the trial court stated in its decision. Regardless, while we may disagree with the trial court as it relates to this issue, we nevertheless find no error in the trial court's decision to grant Wiese's motion to dismiss since Wiese, in his individual capacity, had not maintained sufficient minimum contacts with Ohio, particularly Butler County, to vest personal jurisdiction over him with the trial court.

**Principles of Personal Jurisdiction**

{¶ 13} Before a trial court may exert personal jurisdiction over a nonresident defendant, such as Wiese, it must complete a two-step analysis. *Booth v. Watershed Wellness Ctr.*, 12th Dist. Butler No. CA2013-04-065, 2013-Ohio-5272, ¶ 8, citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75 (1990). "First, the defendant must satisfy the provisions of Ohio's long-arm statute, R.C. 2307.382, and second, exercising jurisdiction over the defendant must comply with due process requirements inherent in the Fourteenth Amendment." *Dobos v. Dobos*, 179 Ohio App.3d 173, 2008-Ohio-5665, ¶ 12 (12th Dist.).

{¶ 14} While the trial court addressed both Ohio's long-arm statute and considerations of due process, as we have done before, we will focus our analysis on the due process requirements of the Fourteenth Amendment for purposes of this opinion. *See, e.g., Booth*, 2013-Ohio-5272 at ¶ 10 (focusing analysis on lack of minimum contacts rather than on whether transaction at issue triggered Ohio's long-arm statute).

{¶ 15} "The due process clause protects an individual's liberty interest in not being subject to binding judgments of a forum with which that individual has established no meaningful contacts, ties, or relations." *Multiform Plastics, Inc. v. Thermo Plastics Display, Inc.*, 12th Dist. Clermont No. CA93-01-004, 1993 Ohio App. LEXIS 3495, *3 (July 12, 1993), citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471, 105 S.Ct. 2174 (1985). An Ohio court can assert jurisdiction if the nonresident defendant has certain minimum contacts with

Ohio so that having him defend in Ohio does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154 (1945). "The constitutional touchstone is whether the nonresident defendant purposely established contacts in Ohio so that the defendant should reasonably anticipate being haled into court there." *VanCamp v. VanCamp*, 12th Dist. Butler Nos. CA2001-03-058 thru CA2001-03-060, 2001 Ohio App. LEXIS 6000, *11 (Dec. 31, 2001).

**Wiese's Contacts with Ohio**

{¶ 16} Taking the facts alleged in Start Skydiving's complaint as true, Wiese's contacts with Ohio in his individual capacity, not as the president of Win Win, consisted of a one-time sale of cargo doors to Start Skydiving, a Delaware limited liability company that operates a recreational skydiving center in Middletown, Butler County, Ohio. Start Skydiving "expressed interest throughout the skydiving community that it wished to purchase replacement cargo doors for its Caravan aircraft," to which Wiese, who resides in Illinois, responded "by stating he [Wiese] had doors for sale." Wiese did not solicit Start Skydiving's business, nor did Wiese advertise the sale of the cargo doors in Ohio. This is confirmed by the affidavit submitted by Start Skydiving, which indicated Start Skydiving "had never before done business with Wiese in his personal capacity" in Ohio or otherwise. The complaint further indicates that Start Skydiving "retrieved" the cargo doors from Wiese, thereby indicating the sale took place in Illinois, not Ohio.

{¶ 17} In light of the foregoing, we find that even if this single sale of cargo doors from Wiese to Start Skydiving would have triggered Ohio's long-arm statute, Wiese, in his individual capacity, did not have a substantial connection with Ohio and did not purposely establish contacts in Ohio, particularly in Butler County, so that Wiese should reasonably anticipate being haled into an Ohio court. Again, as the trial court stated:

Wiese, based upon the pleadings, sold the doors as an

individual, and that represented a one-time personal transaction with an Ohio business. As such, the court finds that there is insufficient support to establish Wiese individually maintained minimum contacts with Ohio * * *

{¶ 18} We agree with the trial court's decision. As this court has stated previously, "single" or "occasional" acts are insufficient to establish jurisdiction "if 'their nature and quality and the circumstances of their commission' create only an 'attenuated' affiliation with the forum." *Buflod v. Von Wilhendorf, LLC*, 12th Dist. Warren No CA2016-02-022, 2007-Ohio-347, ¶ 15, citing *Burger King Corp.*, 471 U.S. at 475-476, 105 S.Ct. 2174. Such is the case here. Therefore, finding no error in the trial court's decision to grant Wiese's motion to dismiss for lack of personal jurisdiction, Start Skydiving's single assignment of error lacks merit and is overruled.

{¶ 19} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.