[Cite as *ATA Logistics, Inc. v. Empire Container Freight Station, Inc.*, 2020-Ohio-4183.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| ATA LOGISTICS, INC., | : | CASE NO. CA2020-01-006 |
| Appellant, | : | O P I N I O N<br>8/24/2020 |
| | : | |
| - vs - | : | |
| | : | |
| EMPIRE CONTAINER FREIGHT<br>STATION, INC., | : | |
| | : | |
| Appellee. | | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2019CVH01115

Durkee & Uhle, LLC, Richard B. Uhle, Jr., 284 North St., Batavia, Ohio 45103, for appellant

McCaslin, Imbus & McClaslin, Michael P. Cussen, 600 Vine Street, Suite 800, Cincinnati, Ohio 45202, for appellee

**M. POWELL, P.J.**

{¶ 1} Appellant, ATA Logistics, Inc. ("ATA"), appeals a decision of the Clermont County Court of Common Pleas granting the motion of appellee, Empire Container Freight Station, Inc. ("Empire"), to vacate a default judgment for lack of personal jurisdiction.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for the purposes

{¶ 2} ATA and Empire are both independent trucking and logistics companies from California. ATA entered into a credit application with Total Quality Logistics ("TQL"), a freight broker. TQL is an Ohio limited liability company. The credit application provides that "[t]he state courts located in Clermont County, Ohio shall have exclusive and irrevocable jurisdiction and shall be the exclusive venue with respect to any claim, counterclaim, or dispute arising in connection with any transactions, loads, or other business between Total Quality Logistics and [ATA]."

{¶ 3} Empire placed bookings directly with TQL using ATA's credit. When Empire stopped paying TQL for these bookings, TQL sued ATA for the unpaid Empire bookings and obtained a default judgment against ATA for $134,220. $46,971.41 of that judgment has been paid to TQL by ATA through garnishments.

{¶ 4} On September 5, 2019, ATA filed a complaint in the trial court against Empire, seeking indemnification from Empire for the judgment TQL obtained against ATA. The complaint alleged the above facts and further alleged that Empire engages in "business across the United States." ATA did not serve Empire through its statutory agent or at its corporate address, but at Empire's freight warehouse in Rancho Dominguez, California by certified mail. The return of service indicates that Empire was served with the complaint and summons on September 10, 2019. When Empire failed to answer the complaint, ATA moved for a default judgment. In October 2019, the trial court granted ATA a default judgment against Empire for $134,220.

{¶ 5} Empire became aware of the lawsuit and default judgment when its bank account was garnished. Consequently, Attorney Michael Cussen filed a notice of special/limited appearance in the case on behalf of Empire for the purpose of contesting

of issuing this opinion.

- 2 -

the garnishment and default judgment entered against Empire. Attorney Cussen then moved to vacate the default judgment, arguing it was void because the trial court lacked personal jurisdiction over Empire, or, alternatively, for relief from judgment pursuant to Civ.R. 60(B) due to improper service of process. Attached to the motion were affidavits from Corina Garcia, the general manager of Empire's warehouse operations, and Douglas Mastroianni, Empire's counsel. Garcia's affidavit was filed in support of Empire's motion to vacate the default judgment; Mastroianni's affidavit related solely to the service of process and Civ.R. 60(B) issues. ATA filed a memorandum opposing Empire's motion to vacate the default judgment. Attached to the memorandum was an affidavit from Gang Han, ATA's authorized agent.

{¶ 6} The trial court scheduled an evidentiary hearing on Empire's motion for December 9, 2019. However, in lieu of presenting evidence at the hearing, the parties only argued their respective positions as presented in their memoranda.

{¶ 7} On January 6, 2020, the trial court granted Empire's motion to vacate the default judgment. The trial court found that ATA failed to establish that Empire was subject to personal jurisdiction in Ohio courts because, "ATA has offered no evidence to counter the content of the Garcia affidavit. In fact, ATA has offered no evidence to show Empire has transacted business in Ohio. Consequently, ATA has failed to sustain its burden of proof to show Empire's conduct falls within R.C. 2307.382."

{¶ 8} The trial court further rejected ATA's argument that Clermont County, Ohio was the proper venue based upon the choice of forum clause in ATA's credit application with TQL. Finding it did not have personal jurisdiction over Empire, the trial court held that the default judgment was void, ordered that it be vacated, dismissed ATA's complaint with prejudice, and instructed the clerk of courts to remit the funds previously garnished from Empire's account to Wells Fargo Bank.

{¶ 9} ATA now appeals, raising two assignments of error.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE STATEMENTS IN THE COMPLAINT AND FAILING TO VIEW THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO APPELLANT.

{¶ 12} ATA argues the trial court erred in granting Empire's motion to vacate the default judgment. ATA asserts that the trial court ignored ATA's jurisdictional allegations in its complaint and memorandum opposing Empire's motion to vacate the default judgment while accepting Empire's allegations disputing jurisdiction. In so arguing, ATA suggests that the trial court did not hold an evidentiary hearing and was thus required to view the jurisdictional evidence in a light most favorable to ATA.

{¶ 13} In order for a trial court to enter a valid judgment, the court must have personal jurisdiction over the defendant. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). Personal jurisdiction is a question of law that appellate courts review de novo. *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, ¶ 11.

{¶ 14} Where a nonresident defendant asserts the trial court lacks personal jurisdiction over the defendant, the plaintiff bears the burden of establishing the court's jurisdiction. *Dahlhausen v. Aldred*, 187 Ohio App.3d 536, 2010-Ohio-2172, ¶ 21 (12th Dist.). Where a trial court determines a motion to dismiss without an evidentiary hearing, a plaintiff need only make a prima facie showing of personal jurisdiction and the trial court must view allegations in the pleadings and documentary evidence in a light most favorable to the plaintiff, resolving all reasonable competing inferences in its favor. *Booth v. Watershed Wellness Ctr.*, 12th Dist. Butler No. CA2013-04-065, 2013-Ohio-5272, ¶ 7. Where the trial court conducts an evidentiary hearing on the motion to dismiss, the plaintiff bears the burden of proving jurisdiction by a preponderance of the evidence. *Dahlhausen*

- 4 -

at ¶ 21.

{¶ 15} Before a trial court may exert personal jurisdiction over a nonresident defendant, it must complete a two-prong analysis. *Start Skydiving, L.L.C. v. Wiese*, 12th Dist. Butler No. CA2017-04-042, 2017-Ohio-7020, ¶ 13, citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75 (1990). A trial court must first determine whether the defendant's conduct falls within Ohio's long-arm statute under R.C. 2307.382. If it does, the trial court must then determine whether granting jurisdiction would deprive the defendant of the right to due process of law under the Fourteenth Amendment to the United States Constitution. *Kentucky Oaks Mall* at 75.

{¶ 16} ATA asserts that the trial court has personal jurisdiction over Empire under R.C. 2307.382(A)(1), which states, "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's [t]ransacting any business in this state." To "transact" under R.C. 2307.382(A)(1) means "'to prosecute negotiations; to carry on business; to have dealings.'" *Dahlhauser*, 2010-Ohio-2172 at ¶ 24, quoting *Kentucky Oaks Mall* at 75. The mere solicitation of business by a foreign corporation does not constitute transacting business in Ohio. *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 185, 1994-Ohio-504. Rather, a nonresident's ties must create a substantial connection with the forum state. *Id.*

{¶ 17} As stated above, ATA suggests the trial court did not hold an evidentiary hearing before granting Empire's motion to vacate the default judgment. Empire, on the other hand, asserts the trial court held such a hearing. In its January 6, 2020 decision, the trial court noted that a hearing was held on December 9, 2020, and that neither party presented witness testimony or any other form of evidence, instead choosing to present only legal arguments. The trial court ultimately found it did conduct an evidentiary hearing

on the motion to vacate the default judgment. The record supports the trial court's finding. It follows then that ATA bore the burden of proving the trial court's personal jurisdiction by a preponderance of the evidence. *Dahlhausen*, 2010-Ohio-2171 at ¶ 21. "'Preponderance of the evidence' means the greater weight of the evidence, or evidence that leads the trier of fact to find that the existence of the contested fact is more probable than its nonexistence." *Pinkston v. White*, 12th Dist. Butler No. CA2019-06-094, 2019-Ohio-5165, ¶ 19.

{¶ 18} We find no error in the trial court's decision to grant Empire's motion to vacate the default judgment based on the evidence before it. The burden was on ATA to prove by a preponderance of the evidence that Empire's conduct fell within R.C. 2307.382. Once this matter proceeded to an evidentiary hearing, ATA could no longer rely on the allegations contained within its complaint and affidavit asserting that the trial court had personal jurisdiction over Empire because Empire engages in "business across the United States" and placed bookings directly with TQL. ATA had to instead submit evidence that Empire was, in fact, transacting business in Ohio. At the evidentiary hearing, ATA failed to present witness testimony or any other form of evidence showing that Empire had transacted business in Ohio and instead chose to present only legal argument. Given the foregoing, ATA failed to satisfy its burden of proof and the trial court properly found so.

{¶ 19} ATA's first assignment of error is overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ERRED BY FINDING THAT ATA DID NOT ALLEGE THAT EMPIRE CONDUCTED BUSINESS IN OHIO.

{¶ 22} ATA challenges the trial court's holding it did not have personal jurisdiction over Empire, arguing that "Empire has had more than minimum contact with Ohio in multiple ways that the [trial court] did not consider." This assignment of error focuses on the second

prong of *Kentucky Oaks Mall*, a prong the trial court did not address upon finding that "ATA ha[d] failed to sustain its burden of proof to show Empire's conduct [fell] within R.C. 2307.382." In light of our resolution of ATA's first assignment of error, the second assignment of error is moot.

{¶ 23} Judgment affirmed.


S. POWELL and PIPER, JJ., concur.