[Cite as *Total Quality Logistics, L.L.C. v. Deltex Food Prods., Inc.*, 2022-Ohio-1274.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | |
| Appellee, | : | CASE NO. CA2021-10-059 |
| | : | O P I N I O N |
| - vs - | | 4/18/2022 |
| | : | |
| DELTEX FOOD PRODUCTS, INC., | : | |
| Appellant. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2021 CVH 00140

Bricker & Eckler LLP, and Jeffrey P. McSherry and Brodi J. Conover, for appellee.

Arnold Law Firm, LLC, and George M. Parker and James S. Arnold, for appellant.


**HENDRICKSON, J.**

{¶1} Appellant, Deltex Food Products, Inc. d.b.a. Deltex Food Productions, Inc. ("Deltex"), appeals a decision of the Clermont County Court of Common Pleas denying its motion to set aside default judgment entered in favor of appellee, Total Quality Logistics, LLC ("TQL").[1] For the reasons set forth below, we affirm the judgment of the trial court.

---

[1] Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

{¶2} TQL is a transportation or freight broker with its principal place of business in Union Township, Clermont County, Ohio. TQL locates independent third-party motor carriers to pick up and deliver TQL's customer's freight at the times and places desired by the customers. Deltex, an Arizona company, is a customer of TQL.

{¶3} On February 17, 2021, TQL filed a complaint against Deltex alleging claims for breach of contract, unjust enrichment, and promissory estoppel. TQL asserted that Deltex owed $33,750.00 for performed freight brokerage services, that it had submitted invoices to Deltex for services rendered, and that Deltex refused to pay the amounts owed. Attached to the complaint was Deltex's Customer Application with TQL and an AR Billing statement for Deltex. Paragraph nine of the General Terms and Conditions of the Customer Application provides that "[t]he state courts located in Clermont County, Ohio will have exclusive and irrevocable jurisdiction over and will be the exclusive and mandatory venue for any claim, counterclaim, dispute, or lawsuit arising in connection with any transactions, loads, or other businesses between TQL and Customer."

{¶4} Deltex's statutory agent, Carlos Rodriguez, was served with a copy of the summons and complaint by certified mail on April 8, 2021 at 5701 W. Lantham Street, Suite 105, Phoenix, AZ 85043. Subsequently, on April 26, 2021, another copy of the summons and complaint was served by certified mail on Carlos Rodriguez at 5750 W. Roosevelt Street, Suite 6, Phoenix, AZ 85043. Deltex did not file an answer or otherwise appear in the action.

{¶5} On June 1, 2021, TQL moved for default judgment against Deltex. In support of its motion, TQL attached the affidavit of Marc Bostwick, the Risk Manager at TQL, who indicated that TQL had successfully transported 45 loads of freight for Deltex between July 27, 2020 and October 14, 2020 pursuant to the terms of the Customer Application entered into by the parties on March 9, 2020. TQL sought payment for its rendered services but

$33,750 remained due and owed by Deltex. Bostwick further averred that pursuant to the terms of the Customer Application, invoices 30 days or more past due are subject to a finance charge of 1.5 percent per month, or 18 percent per annum. Attached to Bostwick's affidavit were copies of the Customer Application, the AR Billing Statement for Deltex, and 45 sales invoices that had been sent to Deltex between August 29, 2020 and November 5, 2020.

{¶6} On June 15, 2021, the trial court entered default judgment in TQL's favor in the amount of $33,750.00 plus interest at the rate of 18 percent per annum from December 6, 2020. Thirty-one days later, on July 16, 2021, Deltex filed a motion to set aside default judgment pursuant to Civ.R. 60(B)(1) and (5), arguing that Deltex only does business in the state of Arizona and that Deltex's president "mistakenly believed th[e] [trial] court would not take action since it * * * has never done business outside of Arizona, let alone in Ohio. Further since [Deltex] has no contacts with the state of Ohio, it is excusable for it to have not defended this action." Deltex contended that "[s]etting aside the judgment [would] be consistent with the holding of * * * *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452," a case where the Ohio Supreme Court recognized that Ohio's long-arm statute, R.C. 2307.382, "requires that the person over whom jurisdiction is asserted regularly does or solicits business or engages in another persistent course of conduct in Ohio." *Id.* at ¶ 19.

{¶7} Attached to Deltex's motion to set aside judgment was a "Proposed Answer" by Deltex and an affidavit from Rodriguez. In its Proposed Answer, Deltex denied all allegations in TQL's complaint on the basis that Deltex has never conducted business with TQL. It also set forth a defense that the complaint was barred by the trial court's lack of personal jurisdiction over Deltex. In his affidavit in support of Deltex's motion to set aside default judgment, Rodriguez, the President of Deltex, admitted he had been served with

process in the state of Arizona on April 8, 2021 but took no action because he "mistakenly believed th[e] [trial] court would not take action since Deltex Food Products Inc. has never done business outside of Arizona let alone in Ohio." He further averred that Deltex Food Products Inc. "has never used the dba Deltex Food Productions Inc." and "has never contracted" with TQL.

{¶8} On August 23, 2021, the trial court issued a decision denying Deltex's motion to set aside default judgment without holding a hearing, finding that Deltex was not entitled to relief under Civ.R. 60(B)(1) or (5). The court held that "Deltex ha[d] not demonstrated mistake, inadvertence, or excusable neglect in failing to answer TQL's complaint." The court found that Deltex's failure to file an answer or to respond to TQL's motion for default judgment constituted "a complete disregard for the judicial system. * * * Incorrectly assuming that a court lacks personal jurisdiction and simply ignoring the complaint and motion for default judgment is inexcusable, as a lack of jurisdiction should be raised as early as possible, either as a defense in an answer, or in a Civ.R. 12(B) motion to dismiss."

{¶9} Deltex appealed, raising two assignments of error for review.

{¶10} Assignment of Error No. 1:

{¶11} THE TRIAL COURT ERRED IN EXERCISING JURISDICTION OVER AN ARIZONA COMPANY THAT HAD NO CONTACTS WITHIN THE STATE OF OHIO.

{¶12} In its first assignment of error, Deltex argues the trial court erred in exercising jurisdiction over it as the Arizona company lacked a "substantial connection with Ohio in order [for the court] to exercise jurisdiction." It further argues that even if the company had sufficient ties for the court to exercise jurisdiction, the exercise of such jurisdiction was improper due to service of a summons and complaint that failed to comply with the requirements of Civ.R. 4(B).

{¶13} As an initial matter, we find that Deltex's arguments as they relate to any

alleged error in the service of the summons and complaint under Civ.R. 4(B) are not properly before this court. Deltex's motion to set aside default judgment was premised on a claim that relief was warranted under Civ.R. 60(B)(1) and (5) and that the trial court lacked personal jurisdiction over it because it did not have minimum contacts with Ohio. Deltex did not present a claim or argument under Civ.R. 4(B) to the trial court and this court will not consider the issue for the first time on appeal. *See BAC Home Loans Servicing, LP v. Mullins,* 12th Dist. Preble No. CA2013-12-015, 2014-Ohio-4761, ¶ 33 ("it is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal and the failure to raise an issue before the trial court results in waiver of that issue for appellate purposes").

{¶14} Turning to Deltex's personal jurisdiction argument, we note that "[i]n order for a trial court to enter a valid judgment, the court must have personal jurisdiction over the defendant." *Ata Logistics, Inc. v. Empire Container Freight Station, Inc.*, 12th Dist. Clermont No. CA2020-01-006, 2020-Ohio-4183, ¶ 13. Personal jurisdiction is a question of law that appellate courts review de novo. *Id.*, citing *Fraley*, 2014-Ohio-452 at ¶ 11.

{¶15} "Where a nonresident defendant asserts the trial court lacks personal jurisdiction over the defendant, the plaintiff bears the burden of establishing the court's jurisdiction." *Id.* at ¶ 14, citing *Dahlhausen v. Aldred*, 187 Ohio App.3d 536, 2010-Ohio-2172, ¶ 21 (12th Dist.). Where a court considers a challenge to personal jurisdiction without holding an evidentiary hearing, "a plaintiff need only make a prima facie showing of personal jurisdiction and the trial court must view the allegations in the pleadings and documentary evidence in a light most favorable to the plaintiff, resolving all reasonable competing inferences in its favor." *Id.,* citing *Booth v. Watershed Wellness Ctr.*, 12th Dist. Butler No. CA2013-04-065, 2013-Ohio-5272, ¶ 7.

{¶16} The Ohio Supreme Court has recognized that the requirement of personal jurisdiction under Ohio law is a waivable right and parties may consent to jurisdiction

through a forum selection clause. *Kennecorp Mtg. Brokers v. Country Club Convalescent Hosp., Inc.*, 66 Ohio St.3d 173, 175 (1993); *Preferred Capital, Inc. v. Power Eng. Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, ¶ 6. *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, fn. 14, 105 S.Ct. 2174 (1985); *Natl. City Commercial Capital Corp. v. Cotton*, 12th Dist. Butler Nos. CA2005-08-247, CA2005-08-249, and CA2005-08-053, 2009-Ohio-1160, ¶ 7 ("Parties to a contract may agree to submit to the jurisdiction of a particular court through the use of a forum-selection clause, thereby waiving the requirement that the court have personal jurisdiction over the parties"). "Where a valid and enforceable forum selection clause exists, a trial court need not undertake the analysis of minimum contacts and due process principles otherwise required to determine whether personal jurisdiction over a nonresident defendant exists under Ohio law." *Ed Map, Inc. v. Delta Career Edn. Corp.*, 10th Dist. Franklin No. 18AP-712, 2020-Ohio-358, ¶ 15, citing *Automotive Illusions, LLC v. Reflex Ents.*, 10th Dist. Franklin No. 01AP-1445, 2002-Ohio-4047, ¶ 15. *See also Summitville Tiles, Inc. v. K-Tel Corp.*, 7th Dist. Columbiana No. 04 CO 41, 2005-Ohio-2786, ¶ 17 ("A forum selection clause acts as a waiver of the minimum contacts test used to determine personal jurisdiction"); *Information Leasing Corp. v. King*, 155 Ohio App.3d 201, 2003-Ohio-5672, ¶ 26 (1st Dist.) ("Since the forum-selection clause was valid, there is no need for us to conduct a minimum-contacts analysis, as the parties have waived the due-process requirements of personal jurisdiction").

{¶17} In the present case, the pleadings and documentary evidence demonstrate Deltex was subject to the forum selection clause in the Customer Application. The forum selection clause clearly provided that "[t]he state courts located in Clermont County, Ohio will have exclusive and irrevocable jurisdiction over and will be the exclusive and mandatory venue for any claim, counterclaim, dispute, or lawsuit arising in connection with any transactions, loads, or other businesses between TQL and Customer." Deltex, the

customer, through its President signed the Customer Application agreeing to a forum in Clermont County, Ohio. Deltex does not present any claims of fraud or overreaching on the part of TQL. Likewise, Deltex has presented no argument or documentary evidence that the forum selection clause is unfair or unreasonable. "Absent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can clearly be shown enforcement of the clause would be unreasonable and unjust." *Kennecorp* at the syllabus.

{¶18} Accordingly, pursuant to the forum selection clause that it consented to, Deltex was subject to personal jurisdiction in the state courts of Clermont County, Ohio. The trial court, therefore, did not err in exercising jurisdiction and Deltex's first assignment of error is overruled.

{¶19} Assignment of Error No. 2:

{¶20} THE TRIAL COURT ERRED IN DENYING [DELTEX'S] MOTION FOR RELIEF FROM JUDGMENT.

{¶21} In its second assignment of error, Deltex argues the court abused its discretion by denying its Civ.R. 60(B)(1) and (5) motion to set aside default judgment.

{¶22} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "The foregoing requirements are 'independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met.'" *Myers v. Lawson*, 12th Dist. Warren No. CA2012-07-068, 2013-Ohio-2500, ¶ 12, quoting *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶23} Granting relief from judgment under Civ.R. 60(B) is within a trial court's sound discretion, and its ruling will not be disturbed on appeal absent a showing of an abuse of discretion. *Robinson v. Miller Hamilton Venture, LLC*, 12th Dist. Butler No CA2010-09-226, 2011-Ohio-3017, ¶ 15, citing *Veidt v. Cook*, 12th Dist. Butler No. CA2003-08-209, 2004-Ohio-3170, ¶ 14. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶24} Deltex claims its failure to timely respond to TQL's complaint constitutes excusable neglect under Civ.R. 60(B)(1) as it mistakenly believed the trial court would not exercise jurisdiction over it since it was an Arizona company who had not operated in Ohio. "The determination of whether neglect was excusable must take into consideration all the surrounding facts and circumstances." *1031 Properties, LLC v. Bearden*, 12th Dist. Butler No. CA2020-03-046, 2021-Ohio-1232, ¶ 22, citing *State ex rel. Doe v. Register*, 12th Dist. Clermont No. CA2008-08-081, 2009-Ohio-2448, ¶ 13. Neglect is inexcusable if a party's conduct falls substantially below what is reasonable under the circumstances or if the neglect can be regarded as a "complete disregard for the judicial system." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). As this court has previously noted, ignorance of the law is not a valid justification for failure to defend an action, and non-attention to a legal matter because of the failure to understand its scope is also no excuse. *Bearden* at ¶ 27, citing *Zuk v. Campbell*, 12th Dist. Clermont No. CA94-03-018, 1994 Ohio App. LEXIS 6085, * 5 (Dec. 30, 1994). *See also Whittle v. Davis*, 12th Dist. Butler No. CA2013-08-153, 2014-Ohio-445, ¶ 26 (rejecting appellants' argument that their failure to file an answer after service of the summons and complaint constituted excusable neglect due to their belief the matter would proceed to trial without them "filing papers").

{¶25} The record reflects that service was completed on Deltex's statutory agent on

April 8, 2021. Deltex took no action after receiving service of the summons and complaint. Deltex could have filed an answer or a Civ.R. 12(B) motion to dismiss to assert its personal jurisdiction challenge. It did neither of those things, choosing instead to ignore the lawsuit until after default judgment had been rendered against it. "[A] party's failure to 'plead or respond after admittedly receiving a copy of a court document is not excusable neglect.'" *PHH Mtge. Corp. v. Northup*, 4th Dist. Pickaway No. 11CA6, 2011-Ohio-6814, ¶ 16, quoting *Natl. City Home Loans Servs., Inc. v. Gillette*, 4th Dist. Scioto No. 05CA3027, 2006-Ohio-2881, ¶ 18. The trial court, therefore, did not abuse its discretion in rejecting Deltex's arguments for relief under Civ.R. 60(B)(1).

{¶26} The trial court also did not err in denying Deltex relief from judgment under Civ.R. 60(B)(5). The "catch-all" provision set forth in Civ.R. 60(B)(5) is "'left for matters of extraordinary and unusual nature where the interest of justice so calls for it.'" *U.S. Bank, N.A. v. Muma*, 12th Dist. Butler No. CA2020-05-060, 2021-Ohio-629, ¶ 20, quoting *Myers*, 2013-Ohio-2500 at ¶ 15. However, Civ.R. 60(B)(5) should not be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). *Meyers* at ¶ 15. *See also Ferrell v. Kakika Enters., Ltd.*, 6th Dist. Erie No. E-18-037, 2019-Ohio-575, ¶ 20 ("Civ.R. 60[B][5] is not to be used as a mere substitute for relief under Civ.R. 60[B][1]"). "[T]he 'other reason' clause of Civ.R. 60(B)(5) will not protect a party who ignores his duty to take legal steps to protect his interest." *Huron Mgt. Co. v. Wingate*, 6th Dist. Lucas No. L-87-342, 1988 Ohio App. LEXIS 3378, *7-8 (Aug. 19, 1988). Here, Deltex has not presented any additional argument or basis for relief beyond those of mistake and excusable neglect. Its "mistaken" failure to act because it did not believe the court would exercise jurisdiction over it does not present an extraordinary or unusual circumstance where the interest of justice demands relief from judgment. The trial court, therefore, did not abuse its discretion in denying Deltex's motion to set aside default judgment under Civ.R. 60(B)(1) or (5). Deltex's second

assignment of error is overruled.

**{¶27}** Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.